# CHARLESTOWN.

## ANCHOR STOVE WORKS v. JAMES GRAY, ET AL.

### September 11, 1876.

The vendors of the appellant gave a deed of trust on a small piece of land on which were erected a dwelling house, a large warehouse, stove foundry and machine shop, with a large amount of engines, machinery patterns for foundry use, blacksmith and machinist tools and other property of like kind, making a valuable stove foundry and machine property, all of which was embraced in said deed of trust, to secure the appellee in certain debts. The appellant bought this property subject to this deed of trust, and agreed to pay the debts therein, but failing to do so, the trustee advertised the real property for sale. The appellant obtained an injunction to the sale, on the ground that the entire property ought to be sold, because by a sale of the real estate, much of the other property would be valueless and an entire loss to it. He proved by the deposition of witnesses that such would necessarily be the effect of such a sale as the trustee proposed to make.

1876.
August Term.

| 9 | 469 |
| 38 | 680 |

| 9 | 469 |
| 53 | 380 |

The circuit court dissolved the injunction, and dismissed the bill, from which the plaintiff below appealed.—HELD:

·That the trustee should act as the agent of all parties in such a way as would promote the interest of all, and not be prejudicial to the rights of either party, and that as it appears that, a sale of the real estate alone would be materially prejudicial to the plaintiffs below, the decree of the circuit court was erroneous and should be reversed, and the property should be decreed to be sold as an entirety, for a sum sufficient, in cash, to pay the trust debts, and costs, and the residue of the purchase money to be paid in one and two years, with security, &c.

Appeal from a decree of the circuit court of Kanawha county entered in a cause therein pending, on the twenty-fourth day of June, 1874, in which the Anchor Stove

Works was plaintiff, and James A. Gray and others defendants. Appeal granted on the petition of said plaintiff.

The facts of the case are fully set forth in the opinion of this Court.

Hon. Joseph Smith, Judge of said circuit court presided at the hearing below.

No'appearance for appellant.

Joseph Ruffner for appellees.

EDMISTON, JUDGE:

On the twenty-fourth day of February, 1874, George Davis and Theodore Moore executed a deed of trust, by which they conveyed to William Alexander, trustee, a lot of land on the north side of Elk river, opposite the town of Charleston, in the county of Kanawha, on which the parties had, or were erecting, a machine shop, blacksmith shop, and other buildings, together with certain personal property, to wit, an engine and boiler, shafting hangings, pulleys, &c., one eighteen and one fifteen-foot lathe, one drill, one plainer, belting, lot gas-pipe tools, shop tools, and all other tools necessary for machine and engine building, now on the premises, or that may be hereafter on the premises, including blacksmith tools. Also, all the tools used in the foundry, and patterns for foundry use, now bought and owned by the parties of the first part, or hereafter used on the premises. In trust, to secure James A. Gray $5,275, payable in instalments, with power to the trustee to sell for cash, such portion of the property as may be necessary to pay off and satisfy the amount then due, &c. It appears that George W. Atkinson was the owner of one-third of said property.

In November, 1872, all three of the parties conveyed the same to the plaintiff, at the consideration of twenty-five thousand dollars.

The plaintiff was to pay the debt secured to Gray by the deed of trust.

The two first instalments were paid, amounting to $900. When four other instalments fell due, amounting to $2,125, the trustee advertised the *real estate* for sale, for cash sufficient to pay that sum, and for the residue to be on credits to correspond with the deferred instalments in the deed of trust.

The plaintiff obtained an injunction to stay the sale of the realty, mainly on the ground that the property ought to be sold as a whole ; that a mere sale of the realty would produce great loss to them, as the personal property would be of little, or no, value when separated from the realty; in short, that this property was a foundry property, a machine and manufacturing property, and to make it valuable for use, it was necessary all the property, real and personal, should be kept together. They alleged that they had paid something to the creditors. It was admitted by Gray, in his answer, that $454.18 had been paid in September, 1873.

The defendants filed separate answers, claiming that the action of the trustee was legal, and that he ought to be allowed to make said sale. The trustee justifies his action on the ground that he had understood that all the personal property had been worn out, and that all that was of a personal nature, would be fixtures, and pass with the realty.

Upon the hearing of the cause, the court decreed that the $454.18 should be applied to the remaining instalments, eight in number, as of the date of twenty-seventh of September, 1873, and that the injunction should be dissolved, and the bill dismissed with costs to the defendants.

The Stove Company appealed to this Court from this decree.

When a man takes upon himself the office of trustee, he becomes the impartial agent of all the parties in interest, and it is his duty so to act, as to promote, and pro-

tect the interest of all parties, so far as he can. If by a sale of the realty alone, without the personalty, would produce a sacrifice of the property, then he clearly ought not to expose the property to sale in that way, but should offer it all together, if, by so doing, it would promote the interest of the parties in interest. The very fact, that purchasers might not clearly understand what part of the property that partakes of the nature of personalty, and that might fall under the denomination of "fixtures," would, or would not, pass with the realty, is calculated to impair the price that the purchaser would give. He might think, and be advised, that it would pass as such, and that it was not personal property, still fears might be entertained, and disputes might afterwards arise, as to what was "fixtures," and what was personal property. Now, if the trustee would offer to sell the whole property, real and personal, no difficulty of this kind could possibly operate to the prejudice of any of the parties. In this case, it does appear, clearly, from the depositions, that if a sale be made as advertised, a serious loss would be suffered by the debtors.

I am, therefore, of opinion that the court erred in dissolving the injunction, and dismissing the bill, instead of which, it should have ordered the trustee to proceed to sell the property as a whole, under the control of the court, so as to avoid any sacrifice thereof.

The decree of the circuit court is therefore reversed, with costs to the appellant.

And this Court, proceeding to render such decree as the circuit court should have rendered, it is adjudged, ordered, and decreed, that the credit of $458.18 in the proceedings in this cause mentioned, be applied, as of the date of the twenty-seventh day of September, 1873, to the payment of the first instalment, to wit, to the one for the sum of $175, payable August 15, 1872, and the residue of that sum be applied as a credit upon the note payable February 15, 1873. And that if the plaintiff

shall fail to pay the residue of said debt, embraced in, and secured by, said deed of trust, that the said Alexander, as trustee, shall proceed, upon proper notice, to sell the property embraced in the said trust deed, at such time as he may think will best promote the interest of the parties concerned therein. Said sale to be for cash in hand, sufficient to pay off and discharge the debts still due in the said trust deed, and the costs of sale, and for the residue, a credit of one and two years shall be given, the purchaser to execute bonds, with good personal security therefor, and also a deed of trust upon the property sold, as a further security.

1876.
August Term.

Anchor Stove
Works.
v.
Gray.

And that he report his proceedings to the circuit court of Kanawha county.

Which is ordered to be certified to the circuit court of Kanawha county.

Green and Moore, Judges, concurred.

Haymond, President, absent.

DECREE REVERSED.