# Wheeling.

## CURRY *v.* HILL AND CURRY, TRUSTEES, *et al.*

*(PATTON, JUDGE, Absent,)

Decided October 22, 1881.

1. It is the duty of a trustee, before he sells, to adjust accounts, if necessary, in order to ascertain the actual debt, for which a sale should be made; but if there is no doubt as to the amount of the debt due, the sale will not be enjoined for an account to be taken.

2. The mere fact, that a creditor has bought the debts secured by a former deed of trust, does not affect his right to have a sale made under the trust executed for his benefit.

3. Where neither the deed of trust nor the law require, that the advertisement of the trust-sale should state, that "so much of the property should be sold as was necessary to pay the debts secured," it is not necessary, that the advertisement should so state, as it might be necessary in the interest of the debtor to sell more property, than would be necessary to pay the debts secured.

4. It is the duty of a trustee not to sell more of a trust-subject, than is necessary to satisfy the trust, unless the interest of the owner demands it, or he requests it. And whether the interest of the owner requires it, the trustee in the exercise of his discretion must determine.

5. Where the amount of the prior liens is certain and ascertained, the sale of the equity of redemption is proper.

6. Upon the death of a *cestui que trust* the debt secured by the trust goes to the personal representative, and not to the heir.

---

*Case submitted before Judge P. took his seat.

Appeal from a decree of the circuit court of the county of Putnam, dissolving an injunction, rendered on the 26th day of October, 1876, and also from a decree of the said court dismissing the bill, rendered on the twenty-eighth day of October, both of which decrees were rendered in a cause in said court then pending, wherein A. N. Curry was plaintiff and Joseph R. Hill and James Curry, trustees, and others were defendants, allowed upon the petition of said A. N. Curry.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decrees appealed from.

The facts of the case are fully stated in the opinion of the Court.

*Mollohan & Fontaine* for appellant cited 11 Gratt. 499.

*Smith & Knight* for appellee cited 7 W. Va. 707.

JOHNSON, PRESIDENT, announced the opinion of the Court:

In March, 1875, A. N. Curry filed his bill in the circuit court of Putnam county against George W. Curry and others, in which he alleged, that in 1857 he executed a deed of trust on two tracts of land in said county of Putnam, to secure certain sums of money therein named; that in July, 1859, he executed another deed of trust, to secure another debt, on another tract of about thirty acres of land; that in March, 1859, he executed a deed of trust on all said tracts of land, to secure George W. Curry $2,186.38, and Robert Curry the sum of $1,200.00; that the wife of complainant joined in the second deed, but not in the other two; that said George W. Curry has long since become the owner of the bonds and promissory notes secured in the two first deeds set forth. He alleges in the bill, that he had made sundry payments on the debts so secured; that he had paid Robert Curry money, which he specifies, on the debt due. to him; that he understands, that all of the moneys paid to said Robert Curry have been credited on the notes except the last two payments amounting to $280.00, but that said George W. Curry refuses to allow any credit for the said last two payments; that Robert Curry is dead, intestate, and has no personal representative in this State, with whom the plaintiff could adjust the balance due

his estate; that George W. Curry had requested the trustees to sell under the deed of March 10, 1859, the deed conveying all three of the tracts of land; and that said trustees have advertised the whole of said three tracts for sale to satisfy the whole of the debts secured therein, and have given complainant no credits for the payments made by him; and that the said sale has been advertised by posting manuscript notices of sale. He complains, that the advertisement is to sell for the whole of the debts, whereas the trustees ought to sell for only so much as is due; and that the trustees have advertised the whole of said land for sale, when they should have advertised to sell said land, or *so much thereof as would pay said debts*; that said George W. Curry, who holds the two previous trusts, which are the first liens, had no right to demand a sale under the third deed first; and that the sale should be made subject to the dower-right of plaintiff's wife; and that there is no one in this State authorized to demand a sale for Robert Curry, and that Robert Curry owed no debts in this State except a debt to George W. Curry, and that plaintiff is an heir at law of George W. Curry and is entitled to a portion of the debt secured to said Robert, and a sale can only be required for so much of the debt as is due to said George W. Curry. The prayer of the bill is, that the trustees be enjoined from executing said trust, and that the cause be referred to a commissioner to ascertain the amount due upon the said debts, &c. The injunction was granted.

In October, 1875, the defendant, George W. Curry, answered the bill. The answer avers, that shortly after the execution of the deed of trust, sale under which was enjoined, Robert Curry borrowed of him $282.00 and delivered to him the $1,200.00 bond secured in said trust-deed, which was an equitable assignment to him of that amount to secure him the payment of the sum so loaned. Respondent admits the payment as charged in the bill, and denies, that he has refused to allow such credits, and avers, that he has offered to allow said credits if the plaintiff would give him the date of the payments, which he failed and refused to do. Respondent insists, that the trustees were proceeding to sell, as the law required them to do, and that he denied plaintiff no credits, but that the trustees would have sold the property only to pay what was due, and only so much as was necessary for that

purpose. He admits the advertisement was by written posters, and insists, that was all the law requires. He admits, he owns the debts secured by the first two deeds, but insists upon his legal right to sell under the third deed. He admits, the sale would have to be made subject to the dower-right of Mrs. Curry, and avers, that the trustees intended so to make the sale. He denies, that there is no one in the State authorized to demand a sale for the debt secured to Robert Curry.

On the 26th day of October, 1876, the cause was heard on bill, answer and exhibits; and the court dissolved the injunction, and subsequently dismissed the bill. From the said decree the plaintiff, A. N. Curry, appealed, and here insists, that the court should not have dissolved the injunction and dismissed the bill, but should have ascertained the balance due upon the debts secured in the several trust-deeds.

It was held in *Rossett* v. *Fisher*, 11 Gratt. 499, that a trustee may and ought upon his own motion to apply to a court of equity to remove impediments to a fair execution of his trust ; to remove any cloud hanging over the title, and to adjust accounts, if necessary, in order to ascertain the actual debt, which ought to be paid by the sale, or the amount of prior incumbrances, if disputed. And he will be justified in delaying the sale for these preliminary purposes, until such resort can be had to a court of equity. If he should fail however to do this, the party injured by his default has an unquestionable right to do it; whether such party be the creditor secured by the deed, or a subsequent incumbrancer, or the debtor himself, or his assigns. But if there is no doubt as to the amount of the debt due, the sale will not be enjoined until an account is taken. *Michie* v. *Jeffries et al.*, 21 Gratt. 334. In the case at bar, the bill alleged, that the plaintiff was entitled to certain credits, which the *cestui que trust* denied, and therefore the bill alleged sufficient to authorize the interposition of a court of equity, but the answer denied this allegation of the bill, and no proof was taken to sustain the bill. Of course if there was no other ground for an injunction it was properly dissolved.

But it is further insisted, that George W. Curry, the *cestui que trust,* having bought the debts secured in the first two deeds for the benefit of Seashol, the injunction ought not

to have been dissolved, but the court should have ordered the lands sold in the order of the trusts, and *Anchor Stove Works* v. *Gray et al.*, 9 W. Va., 469, is cited and relied on as authority in point. The case is not at all applicable. In that case the property consisted of a small piece of land, on which were erected a dwelling-house, a large warehouse, a stove-foundry and machine-shop, with a large amount of engines, machinery, patterns for foundry and blacksmith and machinists' tools, and other property of like kind, making a valuable stove-foundry and machine-property, all of which were embraced in said deed of trust to secure the appellee certain debts. The appellant bought the property subject to the deed of trust and agreed to pay the debts thereon; he failed to do so, and the trustee advertised the real property for sale. It was proved in the cause, that by a sale of the real estate alone, much of the other property would be valueless. The court reversed the decree, dissolving the injunction and dismissing the bill, and ordered that the property should be decreed to be sold as an entirety.

The mere fact that Curry had bought the notes secured in the first two deeds could not change his right to have the property sold to pay his debt secured by the third deed of trust.

It is alleged that the injunction should not have been dissolved, because the advertisement did not say that the trustees would sell the lands, *or so much thereof as was necessary to pay the liens.*

The authority under which the said trustees acted, declared, "Should default be made in the payment of said debts as aforesaid, then the said Joseph R. Hill and James Curry, trustees, whenever they shall be required, shall proceed to make sale of the property hereby conveyed to the highest bidder for ready money, having first advertised the time and place of sale," &c. There is nothing in the deed or the law applicable to trust-sales that required the trustees to say in the advertisement of sale, that they would sell *so much* as might be necessary to pay the debts. The interest of the debtor might require that they should sell all the property, as in *Anchor Stove Works* v. *Gray et al. supra,* and it might bring much more than enough to pay the debts, and of course the

debtor would receive the residue.   It is the duty of a trustee not to sell more of a trust-subject than is necessary to satisfy the trust, unless the interest of the owner demands it, or he requests it, and whether the interest of the owner requires it the trustee in the exercise of his discretion must determine. *Michie* v. *Jeffries et al.*, 21 Gratt. 334.

It is further insisted by counsel for appellant, that Robert Curry was interested in this last deed of trust and by virtue of it in the first lien on one hundred and ninety acres, but he had no interest in the first two deeds of trust, and how could it be said, after the sale had been made of the whole five hundred acres in the manner proposed by the trustees, what sum the one hundred and ninety acres had brought, and what sum had been realized by the sale of the three hundred and thirty-seven acres?   *Rossett* v. *Fisher*, 11 Gratt. 499, is cited to show, that a sale can not be made in this way.   Here again is an authority not at all applicable.   In *Rossett* v. *Fisher*, at the time the deed of trust was executed, the grantor had only an equitable title to the land ; and the court held, that it was an abuse of the power of the trustee under such circumstances to sell the property before obtaining the legal title.   That is a very different case from this.   Here Curry had the legal title, when he executed the first deed of trust, and afterwards he of course only conveyed his equity of redemption ; and the amount of the prior liens being certain and ascertained, the sale of the equity of redemption under the last trust would be proper.   *Shurtz et als.* v. *Johnson et als.*, 28 Gratt. 657.   As to all the lands not before conveyed, the trustees held the legal title, and as to the residue only the equity of redemption ; and the trustees under the last deed of trust were simply executing the contract of the grantor, nothing more, and he certainly has no right under the circumstances of this case to complain.

The apppellant, further claims by his counsel, that it was unjust and inequitable to sell his land to pay the whole of a debt, of which he himself owned a part.   No such fact appears in this case.   Robert Curry, who was secured in the last deed of trust, is dead, it is true, and it is also true, that A. N. Curry, the appellant, is one of his heirs at law ; but it is not true, that because he is an heir at law, he is entitled to

a part of the debt secured by the trust. Upon the death of a *cestui que trust* the debt secured by the trust goes to the personal representative, and not to the heir.

There is no error in the decrees complained of; and they are affirmed.

JUDGES HAYMOND AND GREEN CONCURRED.

DECREES AFFIRMED,