# CHARLESTON.

JOHN HOWARD KOEN v. OLIVER N. KOEN, *et al.*

Submitted April 28, 1920. Decided May 18, 1920.

1. LIMITATION OF ACTIONS—*Remainders—Reversions—Statute Begins to Run from Termination of Agency or Trusteeship Involving Numerous Acts; Suspension by Intervening Estate.*

    Where an agency or trusteeship has currency, or involves numerous acts or a course of business involving many transactions, the statute of limitations begins to run, not from the date of each transaction, but from the termination of such agency, and not then if the right to the possession of the property or payment of the money, the subject of the agency, be suspended by some intervening estate for life or other term; and in the latter case the statute will begin to run only from the time such intervening right is terminated; nor is the equitable rule of laches applicable during the term of such intervening estate. (p. 505).)

2. EQUITY—*Bill for an Accounting and to Set Aside Deeds Issuing as Defendants All Beneficiaries of Fraud is not Multifarious.*

    Where a bill for an accounting also charges fraud and conspiracy as grounds for setting aside deeds depending on a power of attorney executed by the plaintiff, but subsequently revoked by him, it is not multifarious for joining as defendants in one suit all the beneficiaries of such fraudulent transactions, all being interested in the rights and remedies presented by the bill. (p. 506).

86 W. Va.

3. SAME—*On Bill Founded on a Ground of Equity Jurisdiction the Court May Do Complete Justice.*

Where a bill in equity is well founded, on fraud or other well recognized grounds of equity jurisdiction, the court may go on to do complete justice between the parties although the effect of its decree may be to remove deeds as clouds upon the title of the plaintiff not in possession of the land purporting to be conveyed thereby. (p. 507).

(LYNCH, JUDGE, absent).

Case certified from Circuit Court, Marion County.

Suit by John Howard Koen against Oliver N. Koen and others. Demurrer to bill as supplemented and amended overruled, and the court *ex mero mortu* certified questions.

*Order affirmed, and opinion recertified.*

*Henry S. Lively,* for plaintiff.
*Charles Powell,* for defendant.

MILLER, JUDGE:

The circuit court, having overruled defendants' demurrer to the bill as supplemented and amended by plaintiff, has ex mero motu certified to us the questions presented thereby.

The object of the bill is twofold: (1) for an accounting by Oliver N. Koen, attorney in fact for plaintiff, his mother, now deceased, and his brothers, Henry W., Everett L., and Horace Maynard, by power of attorney executed in March 1896, for his share of the proceeds of the sale of certain lots sold pursuant to said power, out of a tract of land devised to them by the will of his father, Samuel H. Koen, by which will his mother, Mary A. Koen, was given the possession and control of the property during her lifetime or widowhood; and (2) to set aside as without authority and as fraudulent and void as to plaintiff's interest therein two deeds purporting to have been made by said Oliver N. Koen as such attorney in fact to his daughter, the defendant Daisy L. Beardsley, the first purporting to bear date March 31, 1906, wherein, for the purported consideration of $200.00, he undertook to sell and convey to her all the oil and gas within and underlying said lots; the second, dated April 10, 1908, whereby, for the pretended consideration of $550.00, he also undertook to sell and convey to his said daughter

all of said lots in fee, the first of which deeds was not acknowledged or recorded until June 26, 1908, and the second was not acknowledged or recorded until August 7, 1908. Also to set aside as a part of the same alleged fraud and fraudulent scheme the subsequent deed made by Daisy L. Beardsley and Glover Beardsley, her husband, dated September 11, 1915, whereby for the consideration of $1.00 and other valuable considerations they undertook to convey to the said Oliver N. Koen individually all that had theretofore been granted and conveyed to the said Daisy L. Beardsley by the two deeds aforesaid of her father as attorney in fact. And the bill also prayed for general relief.

The bill alleges revocation of said power of attorney by plaintiff and his wife, by deed or writing under seal, dated April 24, 1908, acknowledged for record April 24, 1908, and duly admitted to record in Marion County, where said property is situated, May 6, 1908; and it is alleged that although the deeds of said Oliver N. Koen to his daughter purport to bear date prior to said deed of revocation, they were in fact not made until after said revocation, and were not in fact recorded until after the date of recordation of said revocation; and that in fact no consideration whatsoever passed from grantee to grantor in said deeds, and of all which defendants had notice.

The bill alleges that prior to the revocation by plaintiff of said power of attorney, numerous sales and conveyances of lots out of said land had been made by his attorney in fact, aggregating in purchase money over $11,000.00, of which plaintiff is now entitled to a one-fourth part, with interest from the date when payment should have been made to him; that his mother the widow of the testator, died December 10, 1915, but that no part of said money had ever been paid to him, or to any one for him.

Two gounds of demurrer are relied on: (1) the statute of limitations and laches; (2) the alleged multifariousness of the bill. By his deed of revocation of April 24, 1908, if effective, plaintiff then and thereby terminated, so far as he was concerned, the trusteeship or agency of Oliver N. Koen. The rule seems to be that where, as here, the agency has currency, in-

volving numerous acts, or a course of business involving many transactions, the statute begins to run from the termination of the agency, and not at the date of each transaction. *Rowan* v. *Chenoweth,* 49 W. Va. 287; *Riverview Land Co.* v. *Dance & Co.,* 98 Va. 239; 2 Wood on Limitations, (4th ed.), § 209. But can this rule have application here? Here the will created a life estate or an estate during widowhood in plaintiff's mother, and gave her possession and control of the land during the same term. According to the bill she lived until December 1915, and until her death or remarriage plaintiff had no right to demand or recover his share of the land or the money representing the parts of the land so sold. The law in such cases is that the statute of limitations does not begin to run against the reversioner until his right of possession or to demand the proceeds of the sale of the land has matured. *McNeeley* v. *South Penn Oil Co.,* 52 W. Va. 616; *Depue* v. *Miller,* 65 W. Va. 120; *Titchenell* v. *Titchenell,* 74 W. Va. 237; *Hutchens* v. *Denton,* 83 W. Va. 580, 98 S. E. 808. Counting from the death of the widow, the statute of limitations of five years had not run at the date of the suit in March 1919. Nor is there anything on the face of the bill or the exhibits filed therewith calling for the application of the equitable rule of laches within a less period, as the cases just cited hold. Besides, the principle of laches is not allowed to operate as freely and extensively in the case of an express trust as in other cases, unless the trust has been disavowed and repudiated. Here, however, it was repudiated by the plaintiff, but not by his brother; but the former's right of action did not accrue until the death of his mother.

But is the bill multifarious? The argument is that the Beardsleys have no interest in the suit so far as it relates to a settlement of the trustee's accounts, and ought not be involved in the defense of the bill on that branch of the case. But the rights of the parties in all the transactions involved go back to the power of attorney under which Koen undertook to sell and convey the lots, including those conveyed to his daughter. All are charged with conspiring to cheat and defraud plaintiff in respect to that instrument and are interested in the same rights and remedies presented by the bill. In such cases, as in *Depue*

v. *Miller, supra,* points 1 and 14 of the syllabus, plaintiff has the right to join all in the same suit. The matters joined in the bill are, therefore, not so entirely distinct and independent of each other, or so joined as to render the proceeding oppressive to defendants, or so as to be violative of the general rule against multifariousness. The rule as to multifariousness is one of convenience, rather than one for rigid enforcement. *Tierney* v. *United Pocahontas Coal Co.,* 85 W. Va., 545, 102 S. E. 249.

If it be true, as alleged in the bill, that the deeds to Mrs. Beardsley were antedated and were not in fact made and delivered until after the making and recording of the deed of revocation by plaintiff and his wife, no title passed to her by those deeds. They amounted to mere forgeries. Fraud in their making and execution being charged, and that the grantee participated therein, gives equity jurisdiction to set them aside on that ground, although the effect may be to remove them and the later deed from Beardsley and wife to Koen as clouds upon the title of plaintiff not in possession. The possession of a life tenant or of one co-tenant is not adverse to another co-tenant. *Hoopes* v. *Devaughn,* 43 W. Va. 447; *Austin* v. *Brown,* 37 W. Va. 634. Where equity acquires jurisdiction on some other ground, it is no good ground of objection to its jurisdiction that the effect of its decree may be to remove a cloud from the title of one not in possession. *Andre* v. *Hoffman,* 81 W. Va. 620.

We are of opinion to affirm the order of the circuit court overruling the demurrer, and to re-certify our opinion accordingly.

*Affirmed.*