# CHARLESTON.

REUBEN FINE, *et al.* v. JOHN H. ZIRKLE, TRUSTEE, *et al.*

Submitted March 15, 1921.   Decided March 22, 1921.

1.  MORTGAGES—*Trustee Under Deed by Judicial Proceedings May Remove Impediment to Fair Sale.*

    It is the right and duty of a trustee in a deed of trust se-curing payment of a debt, before selling the property conveyed by it, to cause removal of an impediment to a fair sale there-of, by appropriate judicial proceedings, when the circum-stances are such as will likely prevent realization of a fair price therefor, and the other interested parties have not in-stituted such proceedings.   (p. 268).

2.  SAME—*Sale by Trustee Without Removing Impediment to Fair Sale May Be Enjoined.*

    An attempted sale under such circumstances, without pre-vious removal of the impediment, will be enjoined.   (p. 268).

3.  SAME—*Facts Held to Show Impediment to Fair Sale Under Junior Deed of Trust.*

    Sale of property encumbered by two deeds of trust, in a suit to enforce judgment liens thereon, to which the trustee and creditor in the junior deed of trust were not made par-ties, application of the proceeds of the sale on the debt secured by the senior deed of trust, and a subsequent conveyance of the property by the purchaser to strangers to all of the tran-sactions, constitute an impediment to a fair sale thereof un-der the junior deed of trust.   (p. 269).

4.  SAME—*Debtor Under Deed of Trust Held Proper Party to Suit to Enjoin Deed of Trust.*

    In such case, the debtor is a proper party to a suit in-stituted by the grantee in such subsequent conveyance, to en-join a sale of the property under the second deed of trust.   (p. 270).

Appeal from Circuit Court, Jefferson County.

Suit by Reuben Fine and others against John H. Zirkle, trustee, and others, to enjoin a sale under a deed of trust. Decree for complainants, and from an order refusing to dis-solve the injunction, defendants appeal.

*Affirmed.*

*A. C. McIntire* and *John H. Zirkle,* for appellants.
*C. N. Campbell,* for appellees.

POFFENBARGER, JUDGE:

The appellants in this cause, one of whom is a trustee in a deed of trust involved and the other the trustee in bankruptcy of the creditors secured by that deed of trust, undertook to sell and cause to be sold the property therein conveyed, after it had been sold to persons under whom the appellees claim, by virtue of a decree in a suit to enforce judgment liens against the debtor, to which the trustee and his *cestui que trust* were not parties; and, on the bill of the appellees, the attempted sale under the deed of trust was temporarily enjoined and a motion to dissolve the injunction overruled. From the order refusing to dissolve it, this appeal was taken.

The property in question is an undivided one-fourth of a 200 acre farm situated in Jefferson County, West Virginia, which was devised by William M. Shepherd, to four of his nephews, James H., Robert L., Francis H. and Alexander V. Shepherd. An undivided one-half interest therein was conveyed by Francis H. and Alexander V. Shepherd, to George M. Beltzhoover and Clarence V. Martin, Trustees, to secure a $1,200.00 debt to the Jefferson Security Bank, a corporation, by a deed of trust, dated, Sept. 30, 1909. It is claimed by the Shepherds, that this was the debt of Alexander V. Shepherd and that Francis H. Shepherd was his surety therefor. On September 1, 1910, Alexander V. Shepherd executed a deed of trust by which he conveyed his undivided one-fourth of the tract of land to John H. Zirkle, Trustee, to secure to the National Commercial Company, a corporation, a debt amounting to $464.71. Shortly after the execution of that deed of trust, some small judgments were recovered against the grantor therein, and, in December 1910, O. Ferrari, one of the judgment creditors, instituted a suit in Jefferson County, for enforcement of the lien of his judgment on the real estate of Shepherd, making the Jefferson Security Bank and its trustees parties. For some reason, the National Commercial Company and its trustee were not made parties

although the deed of trust seems to have been recorded in Jefferson County. That suit was prosecuted to a decree of sale under which the debtor's cotenants, James H., Robert L., and Francis H. Shepherd, became the purchasers, at the price of $1,200.00, the exact amount of the debt of the Jefferson Security Bank, out of which the costs and commissions were paid, and the balance, $1,116.60, was credited on that debt. All of the judgments seem to have been paid by the debtor or some person for him, before the sale, and the Jefferson Security Bank's debt was then the only one that had been decreed to be a lien on the property. By a deed dated, April 22, 1919, Francis H., James H. and Robert L. Shepherd conveyed the entire 200 acre tract of land to the appellees Reuben Fine and C. V. Cline, for and in consideration of the sum of $5.00 and other good and valuable considerations.

In 1917, the National Commercial Company became bankrupt and A. C. McIntire was appointed its trustee in bankruptcy, in the bankruptcy proceeding. At his instance, the trustee in the deed of trust of September 1, 1910, advertised the one-fourth undivided interest of Alexander V. Shepherd in the 200 acre tract of land, for sale at auction, November 22, 1919. Thereupon, the appellees herein, Reuben Fine and C. V. Cline, purchasers of the entire tract of land, instituted this suit to enjoin the sale, and an injunction was awarded on their bill, November 18, 1919. A motion to dissolve it was made December 10, 1919, but it was continued to December 18, 1919. On December 10, Zirkle and McIntire, trustees, tendered their separate answers to the bill. On December 18, the motion was heard upon the papers previously filed, the affidavits of Reuben Fine, James H. Shepherd and John H. Zirkle and the petition of Alexander V. Shepherd, all of which were then filed, and continued. On March 2, 1920, it was overruled.

While there is some conflict in the pleadings and affidavits filed, respecting the status of the Natonal Commercial Company's debt, the relation thereto of the trustee and his conduct with reference to said judicial sale, there is not much

controversy, if any, respecting the other facts herein stated. Both of the answers of the trustees deny the validity of the sale, in so far as it effects the rights of the National Commercial Company and the trustee in its deed of trust, and pray affirmative relief. Both admit the payment of $230.00 on account of the National Commercial Company's debt and interest. John H. Zirkle, Trustee, in an affidavit filed by him denies the averment of Alexander V. Shepherd's petition, that accounts were assigned to him as collateral security for the balance of the debt. He admits that certain accounts were placed in his hands, as an attorney, by Shepherd, for collection, but denies that they were taken as collateral security for the debt in question and also charges that they were practically worthless.

It is hardly necessary to observe that the proceedings in the suit instituted by O. Ferrari against Shepherd and others and the sale made therein to the brothers of the debtor did not extinguish the deed of trust in favor of the National Commercial Company nor the debt thereby secured. As to that company and the trustee in its deed of trust, those proceedings and the sale were admittedly void. Being void and not merely erroneous, they do not protect the appellees, Fine and Cline, in so far as their purchase of the 200 acre tract of land is dependent thereon. As to the National Commercial Company and its trustees, the court did not obtain jurisdiction, and when there is a lack of jurisdiction, a purchaser is not protected. *Simmons* v. *Simmons*, 85 W. Va. 25.

It does not follow, however, that sale may be made under the deed of trust, in the manner in which it was attempted. Though the judicial sale does not extinguish the debt nor the lien, it has created a situation that constitutes an impediment to a fair and just sale of the property. The title has been beclouded by the judicial sale, to say the least. There was a prior deed of trust which alone would not have constituted such an impediment. *George, Trustee* v. *Zinn*, 57 W. Va. 15. The sale probably did not extinguish that deed of trust nor the debt secured by it. By virtue of a sale made for satisfaction of that debt, the appellees, who

originally were strangers to the debt as well as the land, claim title and may have at least an equity. If they should lose the land, they may be entitled to subrogation to the benefit of the prior deed of trust. They have acquired some rights. Their title is good against A. V. Shepherd and the Jefferson Security Bank. They may be able to invoke the protection of the prior deed of trust against these appellants. What has occurred affords ground for serious claims of right in the appellees. As interested parties, they are entitled to have their true status judicially ascertained and determined before a sale is made, not only that they may be the better able to protect their interests, but also that others, desiring to bid on the property, may know its legal status. There are few if any exceptions to the rule that property cannot be sold against the will of the owner or persons having interests therein, under circumstances that are likely to prevent a sale at a fair and reasonable price. An order of sale made under such conditions, in a judicial proceeding, is erroneous, and one attempted under a deed of trust will be enjoined. It is the right and duty of the trustee in a deed of trust to institute a suit to remove an impediment to a fair sale, and obtain an adjudication of the rights of the parties, before selling the property, when there is such an impediment, on failure of the other interested parties to do so. *George* v. *Zinn,* cited; *Curry* v. *Hill,* 18 W. Va. 370; *Lallance* v. *Fisher,* 29 W. Va. 512; *Hogan* v. *Duke,* 20 Gratt. 244; *Rossett* v. *Fisher,* 11 Gratt. 492.

Enough has been indicated to make it manifest that the title to the land involved here as well as the interests of the parties concerned in it directly and indirectly are seriously embarrassed and beclouded by the judicial sale and the subsequent conveyance. A judicial proceeding participated in by all such parties is the only means of establishment of their rights and equities and extinguishment of unfounded claims and contentions, growing out of the complicated situation, necessary to an unembarrassed and unhampered sale of the property, a sale under circumstances likely to bring a fair price.

It may be that such a sale could have been made before

a sale was effected under the decree in the creditors suit, as was suggested in *Laidley* v. *Hinchman,* 3 W. Va. 423. But the sale made, payment of the purchase money, distribution thereof, conveyance to the purchasers and their subsequent conveyance to strangers create an entirely different situation to which the observation relied upon, if sound, is not applicable.

No reason for denial of right in Alexander V. Shepherd to make himself a party to this suit is perceived. As he is the debtor and claims to have satisfied the debt or to have assigned certain accounts to the creditor, for collection and credit on the balance due, he is a necessary, as well as a proper, party to this suit. Even though he may not be able to maintain his claims and contentions, he is entitled to be heard. If this suit had been instituted by one of the appellants, as it should have been, failure to make him a party would have been manifest error in procedure. He would have been a necessary party, even though he had disclosed nothing by way of defense, because he is interested.

For the reason stated, the decree complained of will be affirmed.

*Affirmed.*