# CHARLESTON.

J. M. N. DOWNES, TRUSTEE *et al v.* LONG TIMBER AND LUMBER COMPANY *et al.*

(C. C. No. 263)

Submitted September 3, 1924.   Decided June 2, 1925.

1. TRUST—*Trustee May Ask Court of Chancery for Advice as to Exercise of Powers Under Deed of Trust.*

   The jurisdiction of a court of chancery may be invoked to instruct the trustee how he shall execute the trust, where there is an impediment to the exercise of his powers so as to render it inequitable for him to proceed without the aid of such court.   (p. 273.)

   (Trusts, 39 Cyc. p. 317).

2. EQUITY—*It is Generally Sufficient in Equity If All Parties Interested in Subject of Suit are Before Court Either as Plaintiffs or Defendants.*

   While at law all persons having a joint interest must join in the action as plaintiffs, and while, in equity, this rule is preferable, it is generally sufficient if all the parties interested in the subject of the suit are before the court either as plaintiffs or defendants.   (p. 274.)

   (Equity 21 C. J. § 307).

3. ACCOUNT—*Bill Stating Running Accounts for Many Years, and Praying for Account for Decree for Balance, Will be Entertained in Equity, Though Assumpsit Might Have Lain at Law.*

   A bill in chancery, stating running accounts for many years between plaintiffs and defendants, consisting of numerous items of debit and credit or claims for them on both sides, and praying an account and decree for balance, is a bill for an account which equity will entertain, though assumpsit might have lain at law.   (p. 275.)

   (Accounts and Accounting, 1 C. J. §§ 58, 63).

4. EQUITY—*Bill for Accounting, and to. Set Aside Deed as Preference, is Not Multifarious for Joining. as Defendants in One Suit All Beneficiaries of Such Transaction.*

A bill for an accounting and to set aside a deed as a preference, is not multifarious for joining as defendants in one suit 'all the beneficiaries of such unlawful transaction, all being interested in the rights and remedies presented by the bill. (p. 276.)

(Equity 21 C. J. §§ 438, 447).

5. SAME—*If Equity Has Jurisdiction on One Ground, it Will Give Complete Relief.*

Where, upon one ground, a court of equity has jurisdiction, it will give complete relief, even in matters as to which, considered alone, it would not have jurisdiction. (p. 276.)

(Equity, 21 C. J. § 117).

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi).

Certified questions from Circuit Court, Harrison County.

Suit by J. M. N. Downes, trustee, and others against the Long Timber & Lumber Company and others. After overruling demurrer to amended bill of complaint, court certified questions.

*Ruling Affirmed.*

*E. G. Smith* and *D. D. Johnson,* for plaintiffs.
*Charles B. Johnson,* for defendants.

WOODS, JUDGE:

In the year 1921 two actions at law and a suit in equity were instituted in the Circuit Court of Harrison County against Long Timber and Lumber Company and others, defendants. In the first action at law Roy H. Mace and Upton W. Mace, partners doing business as Mace Brothers Lumber Company, were the plaintiffs, and Long Timber and Lumber Company, a corporation, was the defendant. In the second action at law said Roy H. Mace and Upton W. Mace, partners as aforesaid, and C. D. Munson, William Post and J. M. N. Downes, trustee, were plaintiffs, and Long Timber and Lumber Company was the defendant. In the suit in equity said J. M. N. Downes, trustee, and said C. D. Munson and William Post were the plaintiffs, and Long Timber and Lumber Company, a corporation, and said Roy H. Mace and Upton W.

Mace, partners, under the firm name of Mace Brothers Lumber Company, and Roy H. Mace,· Upton W. Mace, Flossie Mace, Anna D. Mace, J. E. Long Coal Company, a corporation, and J. E. Long, were defendants. The relief in each case was·sought against Long Timber and Lumber Company. The defendant, Long Timber and Lumber Company, moved, in the equity suit, that the plaintiffs common to each suit elect in which suit or action they would seek their relief. The court denied such motion as made, but granted the same to the extent that such plaintiffs were ordered to elect as between the two law actions. The plaintiffs did, in pursuance thereof, dismiss the law action No. 1. Law action No. 2·and the said chancery suit are still pending. The defendants, Long Timber and Lumber Company, J. E. Long Coal Company and J. E. Long, being related in interests, then demurred to the bill of complaint. The court sustained the demurrer.· ·The plaintiffs to the original bill of complaint then moved to amend by transposing the four Maces from defendants to plaintiffs, and in other respects supplementing· the allegations of the original bill, and tendered with such motion such amended bill of complaint, and the said defendants, the two Long Companies and Long (being the remaining defendants), objected to the granting of the right to so amend,· which objection being overruled, the amended bill was then filed, and the said defendants then appeared and, without waiving such objection, demurred to the amended bill of complaint, and, this being overruled, the court then certified questions to this court respecting (a) the validity of its action in granting such right to amend, and (b) the. sufficiency of the amended bill of complaint.

To a proper consideration of the questions involved on certificate, a brief statement of the cause of action as set out in the original bill, as well as the facts supplementing it by way of amendment, is necessary. The cause of action arises upon a written contract, set forth in *haec verba* in the bill, bearing date July 15, 1919, and made by Roy H. Mace and Upton W. Mace, partners as Mace Brothers Lumber Company, as first parties; C. D. Munson and William Post, as second parties; and Long Timber and Lumber Company, as third party. Under that agreement the Mace Brothers, who owned

a saw mill grant, certain manufactured lumber, and stand-ing timber on certain lands, sold to the Long Timber and Lumber Company lumber then manufactured upon special terms as to the prices, times of delivery, and amounts and kinds of lumber, and agreed to manufacture and deliver other lumber.  This agreement was made subject to the terms and conditions of a prior contract made between the first and second parties above named.  By said prior contract, which is likewise set out in full in the bill of complaint, dated October 2, 1918, it seems that Munson and Post engaged to loan money to the extent of $12,000.00 to Mace Brothers to finance them in the purchase and manufacture of such timber, and, to secure the same upon advancement thereof, Mace Brothers (1) were to sell the lumber at the market price, invoice the same in the name of Munson and Post when shipment of any lumber was made, and to apply out of the total sales price of each 1,000 feet when collected, $20.00 thereof to the liquidation of the Munson and Post debt; (2) were to pay Munson and Post six per cent. interest on the debt of Mace Brothers to Munson and Post, and, in addition thereto, were to pay the sum of ten per cent. of the sale price of the lumber; (3) and, by way of security for the pay-ment of the above sums, all the timber, lumber, machin-ery, and the lands, etc., of the Maces were conveyed to J. M. N. Downes, trustee.  It was provided, that in case the tim-ber was not manufactured in two years, or in case default was made in the re-payment of the debt in two years, then, upon written notice, the trustee was authorized to sell in the usual manner, the property conveyed to said trustee, in the order set out in the instrument.  While the defendants Long Company and J. E. ·Long, were not parties to the contract of October 2, 1918, the contract of July 15, 1919, in which said defendants were named as third parties, was made sub-ject to the terms and conditions of the contract of October 2, 1918, between the first and second parties ''as to persons to whom payment is made and consent to the sale.''  The bill further alleges the recordation of the said contract of October 2, 1918, prior to the execution of the agreement of July 15, 1919; that all the standing timber and all the logs,

all the manufactured lumber, the saw mill at which the lumber was theretofore and thereafter manufactured, and all the property here in controversy, contemplated and mentioned in said contract of July 15, 1919, is included in said contract of October 2, 1918, and always has been and still is subject to the terms thereof; that the said J. M. N. Downes, trustee, accepted the trust, and that advancements contemplated therein had not been repaid to the said Munson and Post, but that a large sum still remains due and owing by Mace Brothers Lumber Company to them; that said trustee has been given written notice by said Munson and Post to sell the property held in trust by him, making sale of the manufactured lumber, the saw mill and teams of horses first, and further notifying the said trustee to make settlement by suit if necessary with the defendant Long Timber and Lumber Company before making sale under said trust deed; that the debt secured by said trust deed, was derived from and grows out of a subsequent contract to which Munson and Post were parties, subject to said contract containing said deed of trust, and growing out of the lumber manufactured under said two contracts and, therefore, first applicable to the payment of said Munson and Post debt, and involves many transactions on both sides, both in favor and against said Long Timber and Lumber Company; that said transactions involved matters not easily ascertainable by a jury, and to the ascertainment of which a law court is not well adapted, but easily ascertained by a court of equity, and to which the machinery of equity is well adapted for the purpose of ascertaining them; that Long Timber and Lumber Company entered into said contract with notice actual and constructive, that the same was a trust and had been so dealt with between the parties to the various contracts, including the said defendant Lumber Company on its part. The bill further alleges that on the 21st day of July, 1921, the said Long Timber and Lumber Company conveyed to the said J. E. Long Coal Company 2.18 acres of land situate in the City of Clarksburg, and that the deed conveying the same is fraudulent and void as to the plaintiffs; that the said Long Timber and

Lumber Company is owned and controlled by the defendant J. E. Long; that the said J. E. Long Coal Company is owned and controlled by the defendant J. E. Long; that the said J. E. Long caused said fraudulent transaction to hinder, delay and defraud the plaintiffs, of their rights in this suit; that no consideration passed for said deed and that the said deed was, in fact, voluntary; that if said deed is not actually void, it is at least an unlawful preference; that the Long Lumber and Timber Company has no property other than the said lot hereinbefore mentioned, and is insolvent and was insolvent on the 21st day of July, 1921, the day said deed was executed, and ever since has been insolvent. The bill further alleges that the plaintiffs are entitled to have specifically enforced said agreements and said trust specifically executed against the said defendant, particularly against the Long Timber and Lumber Company and against J. E. Long Coal Company; that said accounts between the parties are long, intricate and cover a considerable period of time and rendered under the contracts aforesaid, complicated, so that the plaintiffs cannot in the premises have full, complete and adequate remedy at law. By way of amendment to the original bill, allegations are made of the disposition of the original bill; statements as to the transposition of parties defendant to parties plaintiff; the willingness and readiness of the plaintiffs to comply with the contracts set out in the original bill; the indebtedness to the plaintiffs by the defendant Long Timber and Lumber Company; that said indebtedness constitutes a lien upon the property mentioned and described in the agreement of July 15, 1919, and on the said 2.18-acre lot situate in Clarksburg; that the Long Timber and Lumber Company failed to furnish Mace Brothers shipping directions for shipping said lumber according to the terms of the contract; that the failure of the said Long Timber and Lumber Company to take the residue of the lumber now on hands in said bill of particulars specified is a breach of said contract, and a fraud and irreparable injury to these plaintiffs. The plaintiffs pray that the Long Timber and Lumber Company be required to specifically perform

its agreements; that the said J. E. Long Coal Company be enjoined from making any conveyance of the said property granted to it, except under proper decree herein; that an account be taken of all said transactions between the Long Timber and Lumber Company and the other parties hereto, and that the amounts be decreed these plaintiffs and to each of them, what is found due them on account; that the deed for the 2.18 acres, as described in the bill, be held to be voluntary, fraudulent and void and intended to hinder, delay and defraud the creditors of the grantor therein and these plaintiffs, but if that cannot be done, that it be held to be an unlawful preference; that J. E. Long be required to discover the assets and liabilities in detail of each of his said corporations now and as of the 21st day of July, 1921.; and for general relief.

The first five points certified relate to the question of who are proper parties plaintiff, and will be considered together. The defendant contends that J. M. N. Downes, trustee, was not a proper plaintiff in the original bill, nor in the amended bill. The title to the property which was the subject of all the contracts exhibited by the bill was lodged in Downes as trustee. The deed of trust was never released. Downes did not join in the sale contract. It was made subject to the deed of trust and the proceeds of sale were to be applied under the contract which included the deed of trust. It is the duty of the trustee to see that this is done. The uncertainty as to the amount of the debt entitles him to come into equity and to have that uncertainty made certain with all the parties in interest before the court. "It is unquestionably true, that a trustee may and should on his own motion apply to a court of equity to remove impediments to a fair execution of his trust, to remove any cloud hanging over the title, and to adjust accounts, if necessary, in order to ascertain the actual debt which ought to be raised by the sale, or the amount of prior incumbrances." *Lallance* v. *Fisher,* 29 W. Va. 512; *Curry* v. *Hill,* 18 W. Va. 370; *Rossett* v. *Fisher,* 11 Grat. 492. Nothing is more common, and nothing is better settled, than the right, and, in a proper case, the duty,

of a trustee to invoke the direction and aid of a court of equity in the execution of his trust. It is true, chapter 72, section 6, of the Code prescribes the proceedings including sale under deeds of trust; but that does not forbid, but in a proper case impliedly requires, the trustee to go into a court of equity if he needs a guarantee of safety and protection for himself, and wishes to discharge properly the duties he may owe to the debtor as well as to the creditor. *McCrum* v. *Lee,* 38 W. Va. 583. The case of *George* v. *Zinn,* 57 W. Va. 15, cited by the defendant, holds: "A trustee in a deed of trust cannot, as a matter of course, resort to a court of equity to have sale made under its decree, instead of selling under the power vested in him by the deed of trust, and, unless he shows such impediment to the exercise of his powers as renders it inequitable for him to proceed without the aid of a court of equity, he will not be entertained." It does not apply here because the allegations of the bill taken as true amount to an impediment that would justify the trustee in coming into a court of equity and seeking instruction in the administration of his trust. In *Sadler* v. *Taylor,* 49 W. Va. 104, it is held that, while at law all persons having a joint interest must join in the action as plaintiffs, and while, in equity, this rule is preferable, it is generally sufficient if all the parties interested in the subject of the suit are before the court either as plaintiffs or defendants. The court in its opinion said: "It is urged in support of the demurrer that it was error to make Flavelle a defendant instead of joining him as a plaintiff, and that the allegations of the bill are not sufficient grounds for the relief prayed for. At law, persons jointly interested in the object of the suit must stand on the same side of the case upon the record, but in equity, while it is proper so to arrange the parties, it is generally held to be sufficient if all persons interested in the subject matter of the cause be made parties thereto, either as plaintiffs or defendants. In equity, all parties to the suit are, or may be, actors therein without regard to formal positions on the record, and ordinarily is a matter of little consequence, whether a party appears as a complainant or a defendant,

for the court can make such decree as the exigencies of the case may require, decreeing for or against one or more of the several plaintiffs and for or against one or more of the several defendants. Enc. Pl. & Prac. 672.'' In equity, it is sufficient that all parties are before the court as plaintiffs or as defendants; and they need not, as at law, in such case, be on opposite sides of the record. I Story's Eq. Jur. 630. The contracts which are the basis of this litigation are so interwoven and dependent one upon the other as to make all parties to them necessary parties to this suit. The arrangement of the parties both plaintiff and defendant in the original and amended bill does not violate any rules of proper pleading to the extent of making such bill demurrable.

The controlling question here is whether the remedy of the plaintiffs, if any, is at law or in equity. We have already determined that the trustee has a right to invoke the aid of a court of equity in the administration of his trust. This alone would make the bill sufficient. But, in addition to that, complicated mutual accounts will support equity jurisdiction. A bill in chancery, stating running accounts for many years between plaintiffs and defendants, consisting of numerous items of debit and credit or claims for them on both sides, and praying an account and decree for balance, is a bill for an account which equity will entertain, though assumpsit might have lain at law. *Hickman* v. *Stout,* 2 Leigh 6; *Yates* v. *Stuart,* 39 W. Va. 124. Courts of equity have jurisdiction over all trusts for the purpose of compelling an accounting, and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duty rising out of such relation rests upon one of the parties to render an account to the other. *Wilson* v. *Kennedy,* 63 W. Va. 1. In a bill for accounting even specific pleading is not required; it is sufficient to show the relation of the parties which entitle the complainant to the relief, and a general statement of the matters pertaining to which the accounting is sought will be sufficient. *McGraw* v. *Trader's Nat. Bank,* 64 W. Va. 509. However, the accounting here is for a period covering many years, for lumber cut and to be

cut by specification in any number of orders, and shipped to any number of consignees, with as many invoices and perhaps more credits, all affected by the increase and decrease of the contract, making the price depend upon the fixed price as modified by the fluctuation in the market price of lumber of the various kinds, and upon the ever varying cost of the manufacturing of lumber during the period of time involved. This is true if the contract is specifically enforced and it is likewise true if not enforced and damages for the breach are awarded in order to measure the damage for the breach. The bill also seeks to set aside a voluntary conveyance or transfer under chapter 74, section 2, Code. It is another ground of equity jurisdiction. Where, upon one ground, a court of equity has jurisdiction, it will give complete relief, even in matters as to which, considered alone, it would not have jurisdiction. *Cecil* v. *Clark,* 44 W. Va. 659; *Watson* v. *Watson,* 45 W. Va. 290; *Chrislip* v. *Teter,* 43 W. Va. 358.

The question of multifariousness is also raised. There is no certain rule for determining when a bill is multifarious. If it appears that the matters in controversy between the parties can be more conveniently litigated in one suit, and that such procedure will not involve an undue burden or expense upon the defendants, a bill will not be held multifarious, even though it may unite more than one cause of action against the common defendants. *Tierney* v. *United Pocahontas Coal Company,* 85 W. Va. 545. A bill for an accounting and to set aside deeds joining as defendant all beneficiaries of fraud held not multifarious. *Koen* v. *Koen,* 86 W. Va. 503. This case falls clearly, in our opinion, within the rule announced by the court in *Tierney* v. *United Pocahontas Coal Company, supra.*

The bill as amended shows on its face ample grounds for equity jurisdiction.

For the foregoing reasons the action of the chancellor in overruling the demurrer thereto is affirmed.

*Ruling affirmed.*