Robert Levi Travis *et al. v.* W. L. Travis, *Executor, et al.*

(CC 539)

Submitted October 22, 1935. Decided October 29, 1935.

Kenna, Judge, dissenting.

*Thomas J. Davis* and *P. D. Farr*, for plaintiffs.
*Wyatt & Randolph* and *J. Paul Bumgardner*, for defendants.

542

MAXWELL, JUDGE:

Upon this certification under Code 1931, 58-5-2, there is raised the question of the sufficiency of a bill in chancery. The trial chancellor thought it insufficient and sustained a demurrer thereto.

George Bee Travis died testate November 2, 1927. By his will, he constituted his son William L. Travis, and C. T. Hyatt executors thereof. . Both qualified. The latter resigned in 1929. Further, by the will, William was authorized and directed to take charge of and operate the personal estate for the benefit of those interested. He undertook the trust. The trusteeship upon which he entered involved duties beyond those incident to his executorship. *Highland* v. *Empire Bank,* 114 W. Va. 473, 172 S. E. 544.

.This suit is prosecuted by certain of the children of George Bee Travis against William L. Travis and others.

One of the grounds of challenge of the bill is multifariousness. We do not deem that point to be well taken, because the several matters impleaded all center around the same proposition, namely, the conservation and proper distribution of the estate. "A bill will not usually be regarded as multifarious where the matters joined in the bill, though distinct, are not absolutely independent of each other, and it will be more convenient to dispose of them in one suit." 1 Hogg's Eq. Pr., sec. 136(4). Consider, *Johnson* v. *Sanger,* 49 W. Va. 405, syl. 4, 38 S. E. 645; *Tierney* v. *Coal Co.,* 85 W. Va. 545, syl. 2, 102 S. E. 249; *Park* v. *Adams,* 114 W. Va. 730, 735, ·173 S. E. 785.

As appears from the bill the will of George Bee Travis contains a possible ambiguity in this, that he first specifically excepts certain property "known as the Trainer and Travis Oil and Gas interest," and then proceeds to devise certain interests in *all* of his real estate and to bequeath separate interests in *all* his personal property. The meaning and effect of these provisions should be judicially determined. A new statute confirms equity jurisdiction for construction of wills even though no other specific ground of such jurisdiction exists. Code 1931, 41-3-7.

But there are other equitable grounds alleged in the bill. William L. Travis, as executor and trustee, is charged with breach of trust, waste, misappropriation of funds and neglect of duty. "The law is well settled that a court of equity has jurisdiction, on the application of persons interested, of all questions relative to the establishment, enforcement, and protection and preservation of a trust on real or personal property." 65 Corpus Juris, p. 1011. Concordant: *Charlton* v. *Motor Co.*, 115 W. Va. 25, 174 S. E. 570; *Currence* v. *Ralphsnyder*, 108 W. Va. 194, 151 S. E. 700; *Downes* v. *Lumber Co.*, 99 W. Va. 267, 128 S. E. 385; *Wilson* v. *Kennedy*, 63 W. Va. 1, 59 S. E. 736. The matters are set out with full particularity. The complexity of the situation is manifest. On such presentation, equity should take cognizance. This will prevent circuity of procedure and multiplicity of suits.

Under West Virginia Constitution, Art. VIII, sec. 24, and Code 1931, 7-1-3, county courts are vested with primary jurisdiction to settle accounts of personal representatives. Such jurisdiction, however, may be interrupted by equity where there is involved some question of equitable cognizance as, for example, "the construction of a will, fraud, waste, and the like." *Page* v. *Huddleston*, 98 W. Va. 104, 126 S. E. 579. There is here also a prayer for ancillary relief in the appointment of a special receiver to assume charge of the property pending determination of the controversy.

The commissioner of accounts' second report of settlement of William Travis' stewardship lies unconfirmed in the office of the clerk of the county court of Doddridge County with undisposed of exceptions thereto interposed by the plaintiffs. It is urged by the defendants, on the basis of Code 1931, 44-4-18, 19, 20, that in the absence of confirmation of the report as filed or as corrected (if and when), the plaintiffs cannot undertake to surcharge and falsify the account. It is not necessary to consider what would be the situation if the case turned on this point alone, because, since other grounds of equitable jurisdiction are averred in the bill, we are of opinion that the right of the equity court to deal with all the matters involved should not be delayed because of the undisposed of second report of settlement of the executor.

The surety on the bond required to be given by William L. Travis, executor, following the resignation of his co-executor, Hyatt, is not a party to this suit. It is alleged that the purported bond was not executed by the principal. The situation is unusual and complex. It would seem, as a matter of caution, that the surety should be before the court. This party can be brought in under Code 1931, 56-4-34.

These considerations lead us to the conclusion that the demurrer to the bill should have been overruled.

We therefore reverse the decree of the trial chancellor, overrule the demurrer to the bill, and remand the same for further proceedings.

*Reversed and remanded.*