Eva Ellis Young, *et al.*

*v.*

Owen Ellis, *et al.*

(No. 9914)

Submitted April 22, 1947. Decided June 10, 1947.

*Percy H. Brown, Forest L. McNeer, P. J. Carr,* and *F. W. Sawyers,* for appellants.

No appearance for appellees.

KENNA, JUDGE:

This proceeding was brought in the Circuit Court of Summers County by Eva Ellis Young and Frank L. Boone, executors of the estate of Pauline Ellis, deceased, and Eva Ellis Young in her own right, against Owen Ellis and others as the beneficiaries of the will of decedent and the creditors of her estate under Code, 44-8-7, for the purpose of subjecting the real estate of which decedent died seised and possessed to the payment of her debts. The trial chancellor dismissed the bill of complaint because, in his opinion, the suit was prematurely brought. This appeal was granted complainants for reasons hereinafter discussed.

The bill of complaint expressly alleges that the estate of decedent had been referred to W. A. Brown, Commissioner of Accounts of Summers County, for settlement, and that on the eighth day of November, 1945, Brown had reported that he lacked jurisdiction to settle the estate in question because numerous claims had been filed against the estate, the payment of which were disputed and con-

tested by its executors, the commissioner of accounts refusing to pass upon the contested claims. The bill of complaint alleges in more or less detail the indebtedness to the payment of which the estate of decedent is subject, the ownership by decedent of ninety-eight acres in Forest Hill District, Summers County, of a one-half undivided interest in sixty-seven acres and one hundred forty poles in the same district and a one-half undivided interest in three lots in the City of Hinton, and that the personal estate of decedent is of insufficient value to discharge its indebtedness. The plaintiff, Eva Ellis Young, alleges in detail that she has personally paid certain of the debts of decedent, that she has refused to pay the claim of Charleston General Hospital, amounting to $402.70 and the claim of Owen Ellis amounting to $3,476.31, both of which are contested. She prays to be subrogated to the rights of the creditors whose claims she has discharged. The bill alleges that Eva Ellis Young, Owen Ellis, Carl Young, Joseph Young, Ervin Young, and the Methodist Church of Forest Hill, are the only legatees and devisees under decedent's will.

Owen Ellis filed a separate answer in the nature of a cross-bill alleging that the decedent in her lifetime sold the tract of ninety-eight acres to him and received payment therefor. The answer and cross-bill also denies that Pauline Ellis at the time of her death owned a one-half undivided interest in the sixty-seven acres described in the bill of complaint and to the contrary alleges that he is the owner of a three-fourths undivided interest therein and Eva Young the owner of the other one-fourth. The answer and cross-bill also alleges that at the time of her death Pauline Ellis was indebted to defendant, Owen Ellis, for the proceeds of certain live stock and poultry belonging to the defendant and sold by Pauline Ellis without accounting to the defendant for the proceeds. The answer and cross-bill further alleges that Owen Ellis is the owner of a three-tenths undivided interest in three lots in the City of Hinton described in the bill of complaint, for which lots she collected rental during her lifetime without accounting to the defendant for his alleged interest

therein. The prayer of the answer is that the cross-bill may be matured at rules and that a decree may be entered directing the conveyance of the ninety-eight acre tract and of one-fourth undivided interest in the sixty-seven acre tract to defendant, Owen Ellis, and that if specific performance be denied he may be decreed a first lien against the real estate of which Pauline Ellis died seised of the bare legal title for the amount advanced by him to her and expended by her in the purchase of the tracts named.

Eva Ellis Young in her own right and as executor and Frank L. Boone as executor of the estate of Pauline Ellis filed their replication to the cross-bill of Owen Ellis denying its allegation concerning ownership of the ninety-eight acre tract. The replication contains a general denial of all of the cross-bill's allegations, and specific denials of its allegations concerning the ownership of the tract of ninety-eight acres and of the tract of sixty-seven acres and one hundred forty poles.

The cause was regularly matured with demurrer overruled to the answer and cross-bill of Owen Ellis, and on the tenth day of September, 1946, the cause was submitted upon proof taken in the form of depositions to support the answer and cross-bill of Owen Ellis and to support the replication thereto of Young and Boone, executors, etc., and Eva Ellis Young in her own right. The submission was expressly confined to whether Owen Ellis was entitled to the relief prayed in his answer in the nature of a cross-bill concerning specific performance of the alleged contract of sale between him and Pauline Ellis in her lifetime for the real estate or any part thereof described in the bill of complaint or cross-bill.

On the sixteenth day of October, 1946, a decree was entered which, among other matters, decided that the bill of complaint should be dismissed because W. A. Brown, Commissioner of Accounts, had jurisdiction to pass upon the validity of the contested claims in the settlement of the estate of Pauline Ellis and therefore that this cause was prematurely brought by the personal represent-

ative of the deceased because the commissioner of accounts had declined to exercise that jurisdiction.

According to the allegations of the bill of complaint Pauline Ellis died on the twenty-sixth day of March, 1945, and on the third day of April her executors were appointed and qualified and the estate referred to W. A. Brown as commissioner of accounts. On November 8, 1945, Brown filed his report declining to act due to the fact that numerous claims filed before him were contested. The bill in this case was filed at January rules, 1946, after the expiration of the period of six months conferred upon the personal representatives by Code, 44-8-7, during which they have a right, prior to that of creditors, to proceed against the real estate of their decedent in order to subject it to the payment of his estate's indebtedness if the personal property is insufficient for that purpose. Under the statute any creditor of the estate could have controlled a proceeding against the decedent's real estate after October 3, 1945, or perhaps before. None did so. Neither did the commissioner of accounts act. We think it is unnecessary to pass upon the question of whether the commissioner of accounts acted properly in deciding that he had no jurisdiction to deal with controverted claims. We say that because under the case of *Travis* v. *Travis,* 116 W. Va. 541, 182 S. E. 285, this Court had this to say in the third syllabus:

"Under West Virginia Constitution, Article VIII, section 24, and Code 1931, 7-1-3, county courts are vested with primary jurisdiction to settle accounts of personal representatives, but such jurisdiction may be interrupted by equity where there is involved some question of equitable cognizance as, for example, the construction of a will, fraud, waste, and the like."

At the time of its order dismissing the bill of complaint as alleging a cause prematurely brought this proceeding did involve a question of equitable cognizance, the bill of complaint seeking to subject land to an indebtedness, and the cross-bill seeking specific performance of an alleged

contract of sale. That being the case, under the *Travis* holding, without regard to the correctness of the position of the commissioner of accounts, certainly the Circuit Court of Summers County could interrupt that jurisdiction, no matter what its extent. In addition, when this cause was instituted Brown had made a report to the County Court of Summers County and, from the showing in this record, the estate of Pauline Ellis had not been re-referred to him by that body. Consequently there was nothing before Brown as commissioner of accounts, but his report was pending before the county court for approval, modification, or rereference. Commissioners of accounts being but adjuncts of county courts in the exercise of their jurisdiction, in our opinion the *Travis* case applies equally to the jurisdiction of the county court for whom he is acting. That being so, we think that the order entered on the sixteenth day of October, 1946, by the Circuit Court of Summers County, is erroneous in holding this proceeding to have been prematurely brought, and in dismissing the plaintiffs' bill of complaint for that reason. Therefore, that order will be reversed to that extent, and to that extent only, and the cause remanded for further proceedings.

*Reversed and remanded.*