## THE CITY OF SACRAMENTO *v.* KIRK *et al.*

Where, in a suit brought by a municipal corporation upon a contract made under an ordinance, the defendant offered to prove a parol change in the contract, which the Court refused to allow : *Held,* not to be error, as the change in the contract could only be by ordinance.

Neglect to sue a contractor for his first breach of contract does not operate so as to release his sureties for subsequent breaches.

APPEAL from the District Court of the Sixth Judicial District.

This was an action by the city of Sacramento against John Kirk, and his sureties, Samuel Norris and John A. Read, for the breach of a contract dated the tenth day of October, 1853, for the erection of water-works in the city of Sacramento. The testimony in the case showed that the contract was entered into on behalf of the city in conformity with an ordinance previously passed, and that the chairman of the committee on contracts and the mayor were therein authorized to sign the same; that P. H. Burnett and Jas. R. Hardenbergh signed the contract on behalf of the city, and that after the execution thereof, it was reported to the common council, and ratified by them; that at this time, P. H. Burnett was chairman of the committee on contracts, and Jas. R. Hardenbergh, mayor.

The defence was, that after the signing of the contract, a different one was made in parol, and that under the latter, Kirk had gone on and completed the work in conformity therewith, under the sanction of the authorities of said city, and that the work had been accepted by them. On the trial, counsel for defendant, Norris, asked a witness, Hardenbergh, the following questions, which the Court refused to permit the witness to answer. To which, the defendant excepted :

1. Was the water-works building built at the same place agreed on by yourself and Mr. Burnett, on the part of the city, and Mr. Kirk, the contractor, when the contract was first let out and entered into ?

2. Was it built of the size and height as specified in the written agreement?

3. Was the contract mutually altered by yourself, Mr. Burnett, and Mr. Kirk ?

4. Did the city afterwards accept the work as now done ?

5. Did the city pay (in bonds) for the new work at the same or greater or less price than that originally agreed on?

The Court below refused to allow those to be answered, on the grounds that no change in the original contract could be made by the city, except by ordinance, properly authenticated by the city records; and that if any was so made, it must be proved by the introduction of the ordinance, or city records, authorizing the same.

Plaintiff had judgment for three thousand eight hundred and seven dollars and sixty-five cents. Defendants moved for a new trial, which, being denied, they appealed from the order denying the same and the judgment.

*Robinson, Beatty & Botts*, for Appellants.

*J. W. Winans, and Horace Smith, City-Attorney*, for Respondent. No briefs on file.

TERRY, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The defendant, Kirk, contracted with the plaintiff to construct a reservoir and aqueducts in the city of Sacramento, according to certain specifications contained in a written contract between the parties—the other defendants, becoming Kirk's sureties for the performance of the contract on his part. This action is instituted to recover damages arising from a breach of said contract.

The first error assigned is the admission in evidence of the written contract between the parties. To its admission, two objections were made.

First, That said written contract had been superseded by a subsequent parol agreement. And,

Second, That no foundation had been laid for its introduction by proving that P. H. Burnett and Jas. R. Hardenbergh, who signed the contract for plaintiff, were authorized to do so.

It is shown, that the mayor of the city and the chairman of the committee on contracts and expenditures, were authorized by ordinance to sign the contract on behalf of the city. It is, also, shown, that at the date of the contract, J. R. Hardenbergh was mayor, and P. H. Burnett chairman of said committee, and that the contract was duly signed by them, and the building erected under it.

The second error assigned is, the refusal of the Court below to permit defendants to prove a parol change of the contract. This point is not well taken. The city of Sacramento, by the terms of its charter, could only act through its corporate authorities, and the original contract being authorized by ordinance, any alteration in it could only be shown by ordinance, or some properly authenticated act. The object in offering this evidence

appears to have been, to show that the reservoir was not, in fact, constructed according to the specifications in the written contract, and that plaintiffs, with a knowledge of the fact, accepted and paid for it.

We do not see how the defendants are injured by the acceptance of the work which was not done according to the contract, nor upon what principle the neglect of plaintiff to proceed against defendant for the first breach of the contract, would operate to release his sureties from liability for subsequent breaches.

The damages claimed do not arise from any insufficiency or defect in the reservoir, but from defects in the aqueducts, in regard to which, it is not pretended there was any departure from the terms of the contract.

Judgment affirmed, with costs.