COURT OF APPEALS OF WEST VIRGINIA. 561

Aug. Term, Hoke, ex'r, vs. Hokes. 1869.

# Wheeling.

CHRISTOPHER HOKE, EX'R, vs. J. M. AND HENRY HOKE.

August Term, 1869.

H. executed a bond for the payment of a sum of money to H., as executor. On suit brought H. pleaded that the plaintiff was not, at the date of the bond, the executor, &c., to which replication was made that H. was estopped by his bond from denying what was admitted therein, and the court below on demurrer to this replication held it well taken. HELD:

1. That there is no exception to the rule that the fair and voluntary execution of a sealed instrument is conclusive against all who seal it, of everything admitted in it.

2. That the replication should not have been held bad on demurrer. The plea itself being bad, judgment should have been to sustain the demurrer and hold the plea bad.

Christopher Hoke, surviving executor of the last will of Christopher Hoke, deceased, filed a declaration at the May rules, 1867, in the circuit court of Monroe county, against John M. Hoke and Henry Hoke, averring that the defendants, by their certain writing obligatory, sealed with their seals, dated on the 25th day of June, 1863, promised to pay the plaintiff and one Royal Fleshman, since deceased, as executors of said Christopher Hoke, deceased, the sum of 3,234 dollars and 84 cents, and had not paid the same, &c.

The defendants filed two special pleas, one in relation to having contracted to pay the plaintiff in so-called Confederate currency, &c., but this plea was not considered by this court; the other plea alleged that at the time of making the writing obligatory the persons named in it as executors were not such executors, and that the same was illegal and void. To this latter plea the plaintiff replied that by the execution of the writing obligatory, the defendants acknowledged and admitted that the persons named therein were the ex-

ecutors of Christopher Hoke, deceased, and denied that the plea ought to be received. To this replication the defendants demurred and the court sustained the demurrer and dismissed the suit at the plaintiff's costs.

The plaintiff obtained a supersedeas from this court, alleging for error that the defendants were estopped from denying what they had acknowledged in the bond.

*Sperry* and *Davis* for the plaintiff in error.
*Stanton & Allison* for the defendants in error.

MAXWELL, J. The plaintiff in error brought an action of debt in the circuit court of Monroe county, as the surviving executor of the last will and testament of Christopher Hoke, deceased, against the defendants, and charged in the declaration that the defendants, by their writing obligatory, promised to pay to the plaintiff and Royal Fleshman, since deceased, as executors of the said Christopher Hoke, deceased, the sum of 3,234 dollars and 84 cents for value received. The defendants filed a special plea in which they aver that the persons named in the said writing obligatory as executors of Christopher Hoke, deceased, were not such executors at the time when the said writing was executed, and that therefore the said writing is illegal and void. To which the plaintiff filed a special replication, averring that the defendants did, on the day of the execution of the said writing obligatory sued on, and by the said writing obligatory under their seals, acknowledge and admit that the said plaintiff and the said Royal Fleshman were the executors of the said Hoke, deceased, whereby he claims they were estopped to deny that they were such executors; to which replication the defendants demurred and the court sustained the demurrer and held the replication bad.

The supersedeas is to the order of the court sustaining the demurrer and holding the replication bad, and there is but one cause of error assigned, and that is, that the court sustained the demurrer and dismissed the suit, when the court ought to have overruled the demurrer.

There seems no exception to the rule that the fair and voluntary execution of a sealed instrument is conclusive against all who seal it of everything admitted in it. *Shaw* vs. *McCullough*, 3 West Va. Rep., 260; *Allen* vs. *Tucker*, 3 J. J. Marshall, 164; 1 Greenl. Ev., sec. 22; *Cox* vs. *Thomas*, 9 Grat., 312; *Cordle* vs. *Burch*, 10 Grat., 480; *Cecil* vs. *Early and others*, 10 Grat., 198.

The replication should not, therefore, have been held bad on demurrer.

The plea is itself bad, however, and judgment should have been to sustain the demurrer and hold the plea bad. 1 Chitty's Pl., 707.

The counsel for the defendant insists here that the declaration is bad, and that the demurrer must reach back to the first error.

I am unable to discover any substantial defect in the declaration which the demurrer can reach.

The judgment complained of must be reversed, with costs to the plaintiff in error, and this court proceeding to enter such judgment as the court below ought to have rendered, must sustain the demurrer and hold the special plea bad, to which the special replication was filed; and as there is another special plea in the record filed by the defendants, the cause will have to be remanded for further proceedings to be had therein.

The remaining members of the court concurred.

JUDGMENT REVERSED.