# CHARLESTON.

ATLANTIC BITULITHIC COMPANY V. TOWN OF EDGEWOOD.

Submitted September 1, 1915.  Decided September 21, 1915.

1. MUNICIPAL CORPORATIONS—*Action of Council—Binding Effect—Informal Discussion.*

Informal discussion of a proposition at an informal meeting of the members of a municipal council, but on which no formal action is taken and no minute made, though there was a general understanding as to what should be done, does not constitute municipal action binding the municipality.  (p. 633).

2. SAME—*Street Improvement Contract—Validity.*

The contract of a municipal corporation for paving and improving its streets and alleys is not void as constituting a debt inhibited by the constitution simply because the bonds authorized therefor have not at the date of the contract been actually sold and the proceeds thereof covered into the treasury.  (p. 634).

3. SAME.

Though the estimated amount of work and material called for by such contract, at the stipulated prices per square yard, for the paving, and the stipulated prices per lineal foot for the curbing, etc., aggregates a sum in excess of such bonds and an amount beyond the constitutional limitation, yet the contract being partible, and susceptible of execution to the amount of such bonds and to the extent such municipality is permitted to become indebted, is void only as to the excess of work and material contracted for, and may be so enforced.  (p. 634).

Appeal from Circuit Court, Ohio County.

Suit by the Atlantic Bitulithic Company against the Town of Edgewood and others.  From decree for defendants, plaintiff appeals.

*Reversed and rendered.*

*John J. Coniff* and *S. M. Noyes,* for appellant.

*Frank W. Nesbitt* and *Chas. J. Schuck,* for appellees.

MILLER, JUDGE:

The decree appealed from, pronounced on bill, answer of defendants, and proofs taken, dissolved the preliminary injunction, denied all relief, and dismissed the bill.

The sole relief sought was an injunction.  The preliminary

injunction, in accordance with the prayer of the bill enjoined the Town of Edgewood, W. V. Hoge, Jr., Mayor, George E. Carenbauer, recorder, and Hoge, Jr., Yeago, Mossburg, Sr., McNabb, Blowers and Evans, councilmen, of said town, "from in any manner interfering with the contract awarded to plaintiff in this case by the town of Edgewood, on the 9th day of January, 1913, and from in any manner interfering with the said plaintiff proceeding as provided in said contract with its preparations to do said work and from in any manner interfering with the prosecution of said work by the complainant, and from harassing this complainant and advertising that its material to be used in said work at the town of Edgewood is unfit for said work or defective and not serviceable; and from passing resolutions to that effect in council or in any manner in said council meetings voting or attempting to discredit the work and material of the complainant, or in any manner hindering the complainant from performing the contract with the said town of Edgewood; until the further order of this Court."

The contract pleaded and referred to in this order of injunction, interference in the execution of which by the plaintiff was charged against the defendants, as indicated in said order of injunction, was for furnishing all materials and performing all labor required in the grading, paving, and setting of curb, and all other work incident thereto, on certain avenues, lanes and streets, designated in the contract, and in accordance with certain lines, levels, stakes, profiles, plans, specifications, and instructions of the engineer, as therein stipulated, and which plans, etc., were made a part of the contract.

That all preliminary steps provided by chapter 8, Acts 1908, sections 49c, et seq., chapter 47, serial sections 2456, et seq., Code 1913, and necessary to the entering into of a valid contract, had been taken by the council and people, is not controverted.

The defenses interposed and mainly relied on in the answers are: First, that the said contract of January 9, 1913, calling for practically 29,365 square yards of paving at $1.87 per square yard, and for 19,550 lineal feet of curbing at 31 cents per foot, and for 894 lineal feet of rough curbing

at 25 cents per foot, aggregating $61,196.55, to say nothing of the extra concrete and gravel foundation called for by the contract, totaling, according to the contention and calculation of defendants, some $13,507.90, creates a debt in an amount, including the net existing indebtedness of said town, far in excess of the constitutional limitation of five per centum of the taxable value of all property therein, after deducting money on hand and money that would be available out of the levies for the current year, and is therefore void.

Second, that assuming authority of the council, after approval by it of the plans, specifications, estimates, grades, profiles, etc., on file with the recorder and engineer, and ratification thereof by the vote of the people, as provided by said act, to change the width of the streets, alleys and lanes, as claimed, so as to bring the contract price for the whole, after applying the proceeds of the $54.000.00 of bonds authorized by the vote of the people, no legal action of the council had in fact been taken to so modify such plans and specifications therefor, as approved, and that the contract which the counsel had attempted to make with plaintiff, made said plans and specifications without modification parts of the contract, and if binding, bound the parties to the full performance thereof, thereby creating a debt beyond the amount limited by the constitution, without having first submitted all questions pertaining thereto to a vote of the people, as provided by law, and that for these reasons also the contract is void.

Third, that as the bonds authorized by the vote of the people, on submission of the proposition to pave, curb and otherwise improve the several streets, lanes and alleys according to the plans and specifications then on file in the office of the recorder and in the office of the engineer, had not at the time of entering into the alleged contract been sold and the proceeds thereof placed in the treasury, said contract in law constituted a debt by a contract binding the town, and for the amount called for thereby, and beyond the constitutional limitation of five per cent. of the taxable value of the property of the town, not approved by the vote of the people, and for these reasons was also void and unenforceable.

These propositions, as we understand them, comprehend the several positions of counsel for the Town of Edgewood.

The first proposition ignores the issue and proposed sale of the bonds, lawfully authorized, to pay for said improvements, and the special levies provided to pay the principal and interest thereon. It is conceded that if the proceeds of the bonds be not considered, the total amount called for by said plans, specifications and estimates far exceeds the bonds and the debt limit; and that taking the bonds or the proceeds thereof into account, the work called for by the contract would still leave a balance due the contractor which would constitute a debt not authorized, and render the contract void in toto. So that if the facts were as assumed we would need go no further, but could stop and pronounce the contract void and not binding on the defendant corporation. But the facts are not as assumed, and the proposition is uncontrolling.

Our decision must turn mainly upon the correctness of the second and third propositions. On the second we agree with counsel that the informal consideration of the subject by the members of the council at the home of one of them, but at which no formal action was taken, did not constitute a change or modification of the plans and specifications. And it is doubtful if such a change could be made without a resubmission of the proposition to the people. Such a change would require formal action by the council. *City of Sacramento* v. *Kirk*, 7 Cal. 419. A municipal body can speak only by its records in such cases. Moreover, no such modification was subsequently carried into the contracts so as to bind the parties thereto. Nor do we think the reservation in the published notice to bidders, of the right to order the omission of any part or parts of the work embraced in the bids, not covered by the contract subsequently entered into, operated to cut down the amount contracted for. True, there is a provision in paragraph sixteen of the contract, reserving to the town the right to make such changes in the plans and specifications as may from time to time appear necessary, etc.; but it is doubtful if this provision contemplated a change in the width of the streets and alleys, and if so, it may be further doubted whether such a change of the approved plans could lawfully be made in this way. But we need not decide this question, for there has been no lawful action of the council on that subject.

On the third proposition we cannot agree with counsel for the town. While there are some expressions in our decisions cited which may seem to imply that before a municipality can lawfully enter into a contract, so as to avoid the inhibition against the creating of a debt, the money relied upon to pay for public improvement must be actually in hand, we find nothing in the constitution or statute requiring that the bonds previously authorized to pay for the work should be actually sold and the proceeds actually covered into the treasury. If the bonds have been lawfully authorized, we think it may be safely assumed with respect to counties and municipalities that not less than the par value thereof will be realized, and that a contract may in anticipation of a sale of such bonds be lawfully entered into, without any infraction of the provisions of the constitution or statute law against incurring debts.

But as it is conceded that the total amount of the work called for by the plans and specifications, at the prices stipulated in the contract, exceeds the amount covered by the bonds and other revenues available, the controlling question presented is whether the contract is one of entirety or is severable so as to be enforced to the extent of the work which may be done under the contract, without exceeding the debt limit? The contract here calls for an estimated amount of paving and curbing, at a stipulated price per square yard, and for an estimated number of feet of curbing, at a stipulated price per lineal foot, and for the extra concrete and gravel foundation at a stipulated price per yard. The contract is, therefore, so far partible that it can be definitely determined by simple calculation when the amount of the work done exceeds the debt limit. Is the contract then void in toto and unenforceable to any amount, because the total work estimated at the stipulated prices will exceed the amount of work for which the defendant corporation might lawfully contract? We find abundant authority for the proposition that where a municipal corporation enters into a contract for public improvements in excess of the amount authorized, the contract is nevertheless good and enforceable to the limit of the amount authorized, and void only as to the excess. Among

the authorities supporting this proposition are the following: The *School Town of Winamac* v. *Hess*, 151 Ind. 229, 239; *Culbertson* v. *City of Fulton*, 127 Ill. 30, 32, 38; *Stockdale* v. *Wayland School District*, 47 Mich. 226; *McPherson* v. *Foster Bros.*, 43 Iowa 48, 72; *Mix* v. *The People*, 72 Ill. 241, 242; *City of East St. Louis* v. *East St. Louis Gas L. & C. Co.*, 98 Ill. 415; *Daviess County* v. *Dickinson*, 117 U. S. 657; *State ex rel. Strahorn* v. *Blake*, 26 Wash. 237.

Wherefore, in view of these authorities, we are of opinion that plaintiff is entitled to the benefits of its contract and to enforce the same, and to perform the work and labor and furnish the material called for, up to the amount limited by the bonds authorized and other available funds, but that such contract in so far as it exceeds the amount so limited is void and unenforceable.

Our conclusion, therefore, is to reverse the decree below, and to modify the preliminary injunction in accordance with the views herein expressed, and being so modified to enter a decree here perpetuating the same.

*Reversed and rendered.*