# CHARLESTON.

ATLANTIC BITULITHIC COMPANY *v*. TOWN OF EDGEWOOD

(No. 5734)

Submitted January 18, 1927.   Decided February 1, 1927.

1.  CONTRACTS—*Injured Party May Keep Repudiated Contract Alive, and at End of Time Specified Sue Thereon, or Sue for Profits Which He Would Have Realized; Party Compelling Acceptance of Performance of Repudiated Contract May Not Recover Under Contract and, in Addition, Damages for Breach.*

    As a general rule, where either party to a building contract, before any performance thereunder, repudiates the agreement, the injured party has the election (1) to keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance sue and recover under the contract; or (2) he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized, if he had not been prevented from performing.   (p. 142).

    (Building and Construction Contracts, 9 C. J. § 73 ; Contracts, 13 C. J. §§ 725, 729, 731.)

2.  SAME—*Defendant, After Employing Plaintiff to Grade and Pave Certain of Its Streets at Stipulated Unit Prices, Refused to Permit Work to be Done, Thereupon Plaintiff Obtained Decree in Chancery Enjoining Defendant From Interfering With Plaintiff in Performance of Work "Up to Amount of" Funds Legally at Disposal of Town.   Thereafter Plaintiff Performed Work Which, Under Terms of Contract, Amounted to Sum of Such Legally Available Funds.   Held: Plaintiff is Not Entitled to Recover Additional Damages Resulting From Delay in Performance of Work Due Attempted Repudiation of Contract by Defendant.*

    The defendant, after employing the plaintiff to grade and pave certain of its streets at stipulated unit prices, refused to permit the work to be done.   Thereupon the plaintiff obtained a decree in chancery enjoining the defendant from interfering with plaintiff in the performance of the work "up to the amount of" the funds legally at the disposal of the town. Thereafter the plaintiff performed work which, under the terms of the contract, amounted to the total sum of such

legally available funds. *Held:* The plaintiff is not entitled to recover an additional sum as damages resulting from delay in the performance of the work due to the attempted repudiation of the contract by the defendant.   (p. 143).

Building and Construction Contracts, 9 C. J. § 73 ; Contracts, 13 C. J. §§ 725, 729, 731.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

WOODS, JUDGE, absent.

Error to Circuit Court, Ohio. County.

Assumpsit by the Atlantic Bitulithic Company against the Town of Edgewood.   Judgment for plaintiff, and defendant brings error.

*Reversed.*

*Carl O. Schmidt* and *J. J. O'Brien,* for plaintiff in error. *John J. Coniff* and *S. M. Noyes,* for defendant in error.

LITZ, JUDGE:

Suing in assumpsit, the plaintiff recovered a verdict and judgment against the defendant in the sum of $38,739.00.

In addition to the common counts in assumpsit, the declaration contains a special count averring that the parties entered into a written contract dated January 9, 1913, whereby plaintiff agreed to furnish materials and labor required in the grading and paving of certain streets, avenues and lanes in the town, at stipulated unit prices for the completed work; that the defendant, contriving unlawfully and maliciously to injure the plaintiff and cause it great damage, wilfully, and unlawfully refused to sell the bonds authorized for the improvements, and would not permit the plaintiff to commence or do any part of the work provided for under the contract until after the plaintiff had procured from this Court an order ''enjoining the defendant, its officers, agents and servants, from in any manner interfering with said contract awarded to the plaintiff on the 9th day of January, 1913, and from in any manner interfering with said contract or with plaintiff's preparation to do the work mentioned in the said contract, and harassing said plaintiff by resolutions to that effect in council, or in any other manner in said council meetings voting or attempting to discredit the work and

material of the plaintiff, or in any manner hindering the plaintiff from performing the contract with the said town of Edgewood in so far as the performance of said contract did not impose liability upon said town of Edgewood in excess of the bonds authorized by the election held in said town of Edgewood on the 24th day of October, 1912, to-wit, $54,000.00, and other available funds''; that within a short time after the order of injunction ''the said defendant was required to permit the plaintiff to do'' the work; and that by reason of the increased cost of material and labor between the time the plaintiff could have performed the work under the contract, if it had been permitted to do so by the defendant, and the time that it was actually done after the injunction was awarded compelling the defendant to accept the performance of the contract by the plaintiff, the plaintiff was damaged in the sum of $55,000.00.

A demurrer to the declaration was sustained by the late presiding Judge, Addleman, but no order having been entered recording the action of the court, his successor, upon motion of plaintiff, overruled the demurrer.  Upon the trial of the case the plaintiff adduced evidence to establish the charge that it had been prevented by the defendant from performing any part of the contract until after the granting of the alleged injunction by this Court, and to show what the work would have cost, if it had been done promptly under the contract, and its cost at the time actually performed, the difference being the amount claimed by the plaintiff.

The plaintiff was permitted to recover the actual cost of the work; the verdict being for the difference between that amount and the funds legally at the disposal of the town (which had already been paid to the plaintiff), notwithstanding the decision in the injunction suit that ''the plaintiff is entitled to the profits of its contract and to enforce the same, and perform the work and labor and furnish the material called for, *up to the amount limited by the bonds authorized and other available funds, but that such contract, in so far as it exceeds the amount so limited is void·and unenforcible*''.   Atlantic Bitulithic Company v. Town of Edgewood, 76 W. Va. 630.

Under the assignments of error it is contended:  (1) that the defendant, having been compelled to accept performance of the contract on the part of the plaintiff, was not liable beyond the express terms of the agreement; and (2) that the plaintiff was entitled to perform the work and furnish the material called for only "to the amount limited by the bonds authorized and other available funds", as provided in the former suit.

Dealing with the first proposition, the learned judge of the circuit court, in a written opinion, states:

> "In the first place, defendant contends that the plaintiff could have elected to have brought suit against the town for damages for the town's breach of the contract, or it could have insisted upon going ahead with its contract in so far as the same was valid.  Therefore, as plaintiff chose to go ahead with his contract, defendant contends that it must be bound by the provisions of that contract.
>
> "There are, in the text books, certain summaries of plaintiff's rights on breach, which summaries would seem to exclude the particular remedy here relied on by the contractor.  It seems even possible that the early English cases support this contention that a contract, if a contract at all, must be recovered on as such and exclusively so.  But this is not the American law of today.  The law today is well set forth in Williston on Contracts, Volume II, Sec. 704.  After a lengthy discussion of a right of a vendee to accept goods after the time set for delivery and then to recover damages for the delay, Mr. Williston adds:
>
> " 'Analogous to the case of late delivery of goods, is a situation where the owner of premises delays a contractor in the performance of his contract.  The election of the contractor to continue performance in spite of delay does not deprive him of a right to damages therefor.'
>
> "The case cited to support this view is *Railway* v. *Hollerbach,* 105 Ind. 137, 5 N. E. 28.  This case will be found cited with approval in many others, and is one of the leading American cases on this subject.  In *French* v. *Cunningham,* 149 Ind. 632, 49 N. E. 797, at page 799, the Indiana Supreme Court says the following:

" 'When the person employed is doing the work according to contract, and is prevented from completing the same by the other party, in violation of the terms of said contract, the person so prevented from performing his part of the contract can recover the reasonable value of his work, not exceeding, however, the contract price, on the quantum meruit, or he may sue upon the contract for the breach thereof, and the measure of damages is the amount that will compensate him, which will include the reasonable value of his work, as well as his loss, if any, on account of not being allowed to complete the same.' "

The judge concludes:

"As the case is *novel* the city is quite right in presenting it for judicial determination; but it seems clear that the whole matter boils down to one sentence,—the city has received full value, the plaintiff has parted with full value, and the fact that the city has to pay an additional sum is due to no one's fault but its own".

The authorities relied on do not, in our opinion, sustain the ruling of the trial court. *Railway* v. *Hollerbach,* cited as one of the leading American cases on the subject, is but the ordinary case permitting damages to one of the parties to a contract resulting from failure of the other party to perform promptly on his part. In that case the contractor had sustained damages due to delay of the owner in supplying certain material it had agreed to furnish in the execution of the work. In the opinion of the court it was said:

"Where a contractor in good faith enters upon the performance of a contract and incurs expense on account thereof, the employer, having notice of that fact, if the employer either by an order, or by negligently failing to perform an essential part to be performed by him, *suspends* the execution of the contract, upon a resumption and completion of the work it will be implied that all losses necessarily occasioned by such suspension, *of which the employer is at the time notified,* shall fall upon

103 W. Va.

him. The contractor may not acquiesce in the suspension in silence, and upon the resumption and completion of the work claim the contract price and damages for that which may have occurred with his acquiescence.''

The rule sought to be applied is stated, in 9 C. J. 790, as follows:

''The owner is liable in damages to the builder, for a delay in performance on his part, or caused by some act of his or of his representative, unless the particular provision of the contract relied on as a ground for recovery is intended merely to absolve the builder from liability for the delay, or unless the builder is himself the cause of the delay or the owner stipulates against liability for delay caused by his agents. In case of a delay caused by the owner, the builder is not obliged to abandon the work and sue for damages, but he may proceed to complete the work and then claim damages.''

This is not the case where the contractor has been damaged by mere delay of the owner to perform his part of the contract, but, according to the averments of the declaration and the evidence for the plaintiff, the defendant wilfully refused to permit plaintiff to enter upon the performance of the contract, until compelled to do so by an injunction from this Court. In other words, the contract was wholly breached and repudiated by defendant. ''The general rule in such cases is that where one party repudiates the contract and refuses longer to be bound by it, the injured party has an election to pursue either of three remedies. He may treat the contract as rescinded, and recover on quantum meruit so far as he has performed; or he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or he may treat the repudiation as putting and end to the contract for all purposes of performance, and sue for the profits he would have realized, if he had not been prevented

from performing. In the latter case, the contract would be continued in force for that purpose." *Bare etc.* v. *Victoria Coal & Coke Company,* 73 W.'Va. 632. There is no breach so long as the injured party elects to treat the contract as continuing, *Zuck & Henry* v. *McClure & Co.,* 98 Pa. St. 541.

Section 1334, Williston on Contracts, presents the distinction between the two situations in the following language:

> "The situation must not be confused with one where there has been a material breach of contract which does not, however, indicate any intention to renounce or repudiate the remainder of the contract. In such a case the injured party has a genuine election offered him of continuing performance or of ceasing to perform, and any action indicating an intention to continue will operate as a conclusive choice; not indeed depriving him of a right of action for the breach which has already taken place, but depriving him of any excuse for ceasing performance on his own part. A reasonable man in the position of the injured party would understand this, since the wrongdoer is willing to continue performance; *but where the contract is totally renounced there can be no real election between continuation and cessation of performance.* The repudiator has announced that he will not perform and ordinarily maintains this attitude; and the American law though giving the injured party in such a case an election of remedies, has not only wisely denied him in most cases the right to continue performance, but has refused to regard a continued willingness to receive performance as more than an indication that if the repudiator will withdraw his repudiation, but not otherwise, the contract may proceed."

It is admitted that the defendant had paid the plaintiff, prior to the institution of this action, the proceeds from the sale of $54,000.00 óf bonds authorized for the improvement, and all other available funds, in the total sum of $60,966.67. This is the extent of the defendant's liability under the contract, as determined by the decree of injunction providing that plaintiff was entitled to perform "up to the amount

limited by the bonds authorized and other available funds''.

The judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial granted.

*Reversed.*