ATLANTIC BITULITHIC COMPANY *v.* TOWN OF EDGEWOOD

(CC 480)

Submitted October 18, 1933.   Decided October 31, 1933.

S. M. Noyes and J. M. Ritz, for plaintiff.
J. J. P. O'Brien and P. J. McGinley, for defendant.

MAXWELL, PRESIDENT:

This certification involves the sufficiency of plaintiff's second amended declaration. The trial court overruled the defendant's demurrer thereto.

In different aspects, this case has been twice before this court. *Atlantic Bitulithic Co.* v. *Town of Edgewood,* 76 W. Va. 630, 87 S. E. 183, 184; and *Atlantic Bitulithic Co.* v. *Town of Edgewood,* 103 W. Va. 137, 137 S. E. 223, 224. The first case was in chancery and had for its purpose the enjoining of the defendant from interfering with the plaintiff in the performance of a paving contract which had been entered into between the parties. This court held (Syllabus, point 3):

> "Though the estimated amount of work and material called for by such contract, at the stipulated prices per square yard, for the paving, and the stipulated prices per lineal foot for the curbing, etc., aggregates a sum in excess of such bonds and an amount beyond the constitutional limitation, yet the contract being partible, and susceptible of execution to the amount of such bonds and to the extent such municipality is permitted to become indebted, is void only as to the excess of work and material contracted for, and may be so enforced."

In the body of the opinion, Judge Miller, speaking for the court, said:

> "Wherefore, in view of these authorities, we are of opinion that plaintiff is entitled to the benefits of its contract and to enforce the same, and to perform the work and labor and furnish the material called for, up to the amount limited by the bonds authorized and other available funds, but that such contract in so far as it exceeds the amount so limited is void and unenforceable."

The second case was an action in assumpsit. We reversed a judgment for $38,739.00 in favor of the plaintiff and against the defendant. It is stated in the opinion:

> "Upon the trial of the case the plaintiff adduced evidence to establish the charge that it had been prevented by the defendant from performing any part of the contract until after the granting of the

alleged injunction by this court, and to show what the work would have cost, if it had been done promptly under the contract, and its cost at the time actually performed, the difference being the amount claimed by the plaintiff.

"The plaintiff was permitted to recover the actual cost of the work; the verdict being for the difference between that amount and the funds legally at the disposal of the town (which had already been paid to the plaintiff), notwithstanding the decision in the injunction suit that 'the plaintiff is entitled to the profits of its contract and to enforce the same, and perform the work and labor and furnish the material called for, up to the amount limited by the bonds authorized and other available funds, but that such contract, in so far as it exceeds the amount so limited is void and unenforceable.' *Atlantic Bitulithic Company* v. *Town of Edgewood,* 76 W. Va. 630, 87 S. E. 183."

Further in that opinion is this statement:

"It is admitted that the defendant had paid the plaintiff, prior to the institution of this action, the proceeds from the sale of $54,000.00 of bonds authorized for the improvement, and all other available funds, in the total sum of $60,966.67. This is the extent of the defendant's liability under the contract, as determined by the decree of injunction providing that plaintiff was entitled to perform 'up to the amount limited by the bonds authorized and other available funds'."

In the declaration now before the court, there is material change of averments from those contained in the declaration which was before the court when the judgment aforesaid was under review. Whereas in the former declaration it is averred that the defendant "willfully and unlawfully refused to permit the said plaintiff to commence its work under said contract or to do any part of said work although the defendant was fully advised that the plaintiff was then and there ready and willing to go on and perform its work under said contract," the crucial allegation of the present declaration is that "notwithstanding the defendant had entered into said contract and that the plaintiff had begun its work under

said contract in order to complete the same in the time required by said contract the defendant, then and there, contriving to injure the said plaintiff and to cause it great damage, then and there, willfully and unlawfully delayed the said plaintiff in the completion of the said work under said contract and willfully delayed the plaintiff in placing upon the ground its plant, material and labor for the doing and completion of said work, * * *.''

Whereas formerly the plaintiff sought to recover the excess of cost of paving over the amount received from the defendant, it now seeks to recover damages on the ground that the defendant improperly delayed the plaintiff in proceeding with the work after the same had been begun. One of the theories of the present effort is that the municipality's liability for damages for breach of contract is not limited by statute or the constitution, and therefore that the principles which precluded recovery in the former instance do not apply here. There is inconsistency in averment of facts in the two declarations. It cannot be true that the defendant ''willfully and unlawfully refused to permit the said plaintiff to commence its work under said contract'' as alleged in the former declaration, and that ''the plaintiff had begun its work under said contract in order to complete the same in the time required'' when the defendant interfered, as alleged in the declaration now before the court. ''Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts.'' *Ealy* v. *Shetler Ice Cream Co.*, 110 W. Va. 502, 158 S. E. 781, 782. Not minimizing the importance of this proposition, however, we turn to another phase of this case for the basis of the decision.

In the first decision—the chancery cause—(76 W. Va. 630, 87 S. E. 183, 186), it was held that the contract between the plaintiff and the defendant was partible and that the paving company was entitled to ''perform the work and labor and furnish the material called for, up to the amount limited by the bonds authorized and other available funds, but that such contract in so far as it exceeds the amount so limited is void and unenforceable.'' The plaintiff thereafter proceeded with the paving of the streets specified in the contract, but it

did not limit the work to a basis of funds authorized and available. The plaintiff was not under compulsion to do this work, but, having elected to proceed with the work after obtaining a supreme court decision, it is difficult to vindicate its action in exceeding the bounds fixed by the court. The holdings in that decision are the law of the case. Therefore, the plaintiff cannot justify its conduct in furnishing labor and material in excess of authorized and available funds by alleging, as in its present declaration, that "in accordance with the provisions of the said contract and by reason of the instructions of the defendant and acting under the provision and direction of the engineer of defendant, and provided in said contract", plaintiff furnished the labor and material to an extent requiring expenditures by the plaintiff of $98,595.38. Conceding the verity of said allegation, as must be done on demurrer, the said course of conduct could not change the law of the case as had already been announced by this court. The contract having been held void and unenforceable to the extent that it involved expenditure in excess of funds authorized and available virility could not be breathed into the inoperative portion of it in the manner involved in said allegation.

Upon the second review of this case—the assumpsit action— (103 W. Va. 137, 137 S. E. 223, 226), the court unequivocally declared that the city's authorized funds and available funds aggregating $60,966.67, paid by the city to the bitulithic company constituted "the extent of the defendant's liability under the contract." The plaintiff cannot now accomplish indirectly what the law would not permit it to do directly. "Points adjudicated by this court on a former appeal must be regarded as *res adjudicata* during the further progress of the cause." *Wick* v. *Dawson*, 48 W. Va. 469, 37 S. E. 639. This rule obtains whether the question arises upon the original or supplemental pleadings.

It is, of course, a general rule that on demurrer to a pleading consideration should not be given to anything beyond the face of the challenged paper, but trial courts must take notice of their own prior proceedings, and of the appellate court's holdings, in the same case or series of cases. It is thus that inconsistency may be avoided and the law of the case (as

settled) applied. 15 Ruling Case Law, p. 1113; 23 Corpus Juris, p. 110.

These considerations lead us to the conclusion that the demurrer to the second amended declaration should have been sustained. We thus respond to the certification.

*Reversed and remanded.*