JOE R. PARK *v.* CLARENDON ADAMS *et al.*

(No. 7703)

Submitted March 6, 1934. Decided March 20, 1934.

*T. M. McIntire,* for appellant.

KENNA, JUDGE:

This appeal is prosecuted to a final decree of the circuit court of Wirt County sustaining a demurrer to the bill of complaint of Joe R. Park filed against Clarendon Adams, E. May Ingersol, Jerusha Park, widow of W. Van Park, W. Dana Park, J. E. Boston, justice of the peace of Wirt County, J. A. Kittle, constable of Wirt County, and A. T. Adams.

The bill avers that in 1915, Joe R. Park, the plaintiff, and W. Van Park orally agreed to conduct a partnership for the purpose of drilling, operating, producing and marketing oil and gas from certain real estate owned by them, respectively, in Burning Springs District and Burning Springs Independent District of said county; that the plaintiff agreed to furnish and did furnish $3,000.00 of operating capital which was to be refunded to him by the partnership, and that thereafter the gross proceeds of the firm were to be divided on the basis of one-fourth to plaintiff and three-fourths to W. Van Park, the latter to pay the operating expenses of the firm'out of his part of the proceeds; that prior to the first day of January, 1930, the partnership operated extensively under the name of Park Brothers, that all checks were written and signed by the plaintiff in the firm name.

The bill avers that from the date of the formation of the partnership to January 1, 1930, the gross receipts were $40,446.74, all of which was paid out for the personal use of W. Van Park and for the operating expenses of the partnership; that complainant has received no part of the income

from said partnership nor has he received the original contribution to its capital of $3,000.00 made by him, and that the amount due and owing to him by reason of his one-fourth distributive share of the gross receipts and the undertaking to return to him the $3,000.00 contributed, amounts in the aggregate to $13,223.37. The bill further avers that from January 1, 1930, to September 12, 1931, the gross income of the partnership was $1,946.32, all of which has been expended and paid out to W. Van Park and for operating expenses of the business.

The bill further complains that plaintiff and W. Van Park agreed that if plaintiff would build a dwelling house, barn and garage on property owned by him, that W. Van Park would occupy the property and pay a reasonable rental therefor; that plaintiff fulfilled his agreement in this respect, but that no rental was paid during the lifetime, nor since the death, of W. Van Park; that fifteen years' rental at $150.00 a year is owing from the estate of W. Van Park to the plaintiff.

The bill further alleges that W. Van Park died January 20, 1930, seized and possessed of certain undivided interests in real estate in Wirt County, and contains averments showing who the persons are who would be entitled to his estate, and makes all of them parties defendant to the bill. The bill further alleges that W. Van Park at the time of his death was seized of certain personal property; that no administrator has been appointed for his estate, and that the personal estate went into the possession of W. Dana Park, a son, Alice May Park Adams, a daughter, and Clarendon Adams, and that complainant is not advised as to what disposition has been made thereof; that complainant paid the funeral expenses of W. Van Park amounting to $930.98.

The bill of complaint alleges that A. T. Adams, the father of Clarendon Adams, secured a judgment against Clarendon Adams before J. E. Boston, a justice of the peace of Wirt County, and caused an execution for $300.00 and costs to be levied against certain personal property belonging to the partnership of Park Brothers consisting of plaintiff and W. Van Park, and that the property levied on has been advertised for sale. The bill avers that Clarendon Adams, the judgment debtor, has no interest in the property levied upon.

The bill further alleges that W. Van Park was insolvent at the time of his death, and that plaintiff has conducted the partnership business in the hope that the proceeds thereof would eventually pay off the indebtedness of W. Van Park at the time of his death, the exact amount of which is not known to plaintiff; that there is no income from the properties of the partnership. The bill shows that the partnership is largely indebted and without present means of meeting its obligations.

The bill prays (1) for discovery from W. Dana Park and Clarendon Adams as to the property of W. Van Park which came into their hands at the time of his death, and what disposition has been made of it; (2) that there may be an order of reference in the cause to take, state and report an account showing the indebtedness of W. Van Park at the time of his death and to whom the same was owing; the real and personal property owned by W. Van Park at the time of his death and what disposition has been made thereof; (3) a settlement of the partnership accounts of Park Brothers showing the total receipts and disbursements of said partnership and the amount due and owing complainant from the partnership, together with the complete report of the properties owned by the firm; (4) the location and value of the real estate owned by W. Van Park and the liens, if any, against it; (5) the amount and value of the personal property of W. Van Park and of Alice May Park Adams and of her infant child which was received by W. Dana Park and Clarendon Adams, or either of them, and what disposition was made thereof; and (7) any other matters that the commissioner may deem pertinent.

The bill further prays for a complete winding up of the affairs of the said partnership; that the real estate owned by W. Van Park at the time of his death may be sold and the proceeds used in payment of the debts of said estate; that a restraining order may be entered enjoining the execution sale pending a final hearing of the cause.

The demurrer interposed rests upon several grounds: (1) laches; (2) that the bill shows on its face that the proof is bound to be nothing more than conjecture resulting in injustice; (3) because the funeral expenses are not debts against

W. Van Park; (4) multifariousness, and (5) because the demand is a legal demand. These points are embraced in eight assigned grounds of demurrer.

As to the defense of laches, it would seem that the bill of complaint does not show on its face that there was any particular reason why the plaintiff should have asserted a demand in the lifetime of W. Van Park. They were partners. Although the bill of complaint does not affirmatively show that there was any settlement made during the lifetime of W. Van Park and although it does show, according to its averments, that the plaintiff received nothing from the partnership from its beginning, and that the entire gross sum received by the partnership was disbursed through the plaintiff for the personal benefit of W. Van Park and in operating the partnership, there is nothing to show that the entire conduct of the firm up to the time of the death of W. Van Park, had in it any elements to which either party took exception. Under this state of facts, as averred in the bill, we do not believe that the bill upon its face shows evidence of laches, and, for that reason, is demurrable. The bill does not show that there was a demand for an accounting, and it does show affirmatively that the partnership has not been terminated. *Rowan* v. *Chenoweth,* 49 W. Va. 287, 292, 38 S. E. 544; *Teter* v. *Moore,* 80 W. Va. 443, 448, 93 S. E. 342; *Marsteller* v. *Weaver's Adm'x.,* 1 Gratt. 391; Code, 55-2-6; 20 R. C. L. 1016.

It must, of course, be remembered that this is not a bill that seeks an accounting of a partnership which is terminated; to the contrary, this bill of complaint seeks a dissolution of an existing partnership and an accounting. Undoubtedly, the facts averred constitute a mining partnership. A mining partnership is not terminated by death. Equity has jurisdiction to entertain a bill for the dissolution and settlement of a mining partnership. *Childers* v. *Neely,* 47 W. Va. 70, 75, 34 S. E. 828; *Coville* v. *Gilman,* 13 W. Va. 314, 326. In our opinion, this bill sets forth sufficient reasons for its prayer that the partnership be dissolved and that an accounting between the surviving partners and the successors to the deceased partner and his estate be had. *Coville* v. *Gilman,* 13 W. Va. 314, 325.

We do not believe that there is substance to the ground of

demurrer based on the assertion that the evidence will necessarily be conjectural. The bill says nothing about the preservation of records of the partnership, and there is nothing in the bill to show but that complete records were kept and are still available. The plaintiff has the burden of substantiating the averments of his bill. If, when the proof is all in, a situation should be disclosed in which an accounting could not safely be decreed on account of the uncertainty or vagueness in the proof, then the court may withhold its decree and leave the *status quo anti* undisturbed. *Hinkson* v. *Ervin,* 40 W. Va. 111, 20 S. E. 849.

As to the defense of multifariousness, while it is true that in addition to alleging equities based upon the partnership, the bill of complaint seeks to have the estate of W. Van Park settled based upon its averments that no administrator has ever been appointed and that the estate is indebted to the plaintiff in a certain sum of money. It seeks to subject any real estate or personal property belonging to the estate to the payment of the debts of decedent at the time he died, and asks discovery to ascertain from certain of the parties defendant what disposition has been made of property of the estate coming into their hands. In other words, the purpose of the bill is not only for a dissolution and winding up of the partnership, but for a separation of the social from the personal assets of W. Van Park. It seeks to have the line drawn both as to liabilities and assets between those which are social and those which are individual to the decedent. That is the broad purpose of the bill. It is not uncommon for courts of equity to marshal the social and personal assets of a partner in the same proceeding and to entertain proof of both partnership and individual debts therein, subjecting the property accordingly. There is no hard and fast rule for determining when a bill of complaint should be held bad for multifariousness. A bill that would otherwise be demurrable on that ground may still be sustained if to do so would be promotive of expedition and would serve to prevent a multiplicity of suits. *Sult* v. *Hochstetter Oil Co.,* 63 W. Va. 317, 61 S. E. 307. The interests alleged in this bill, while based upon different equitable grounds, we believe are so interwoven as to overcome the objection of multifariousness

and to render it advisable that they be heard and settled together. Otherwise, several suits between substantially the same parties involving broadly the same subject matter would have to be brought when one would serve without special inconvenience to anyone involved.

For the reasons stated, the decree of the circuit court of Wirt County is reversed and the cause remanded to be further proceeded in agreeably to the principles herein set forth.

*Reversed and remanded.*