GUY F. HARNER *v.* H. JAMES HARNER *et al.*

(CC 538)

Submitted September 25, 1935. Decided October 22, 1935.

See, also, 115 W. Va. 457, 177 S. E. 286.

*Minter L. Wilson, Kermit R. Mason, Chas. A. Goodwin* and *L. Steele Trotter,* for plaintiff.

*Stewart & Hamstead,* for defendants.

KENNA, JUDGE:

By his original and amended bills of complaint filed in the Circuit Court of Monongalia County, the plaintiff, Guy F. Harner, seeks to dissolve, and procure an accounting of, a partnership alleged to have existed since sometime in September, 1916, between him and the defendant, H. James Harner, his father. It is alleged that in September, 1916, Guy F. Harner and H. James Harner verbally agreed to become equal partners in all their dealings, the plaintiff to contribute to the partnership his time, labor, services and best efforts, and the defendant to contribute the real estate then owned by him known as the H. James Harner farm near Sabraton, Monongalia County, the cash that he then had on hand, amounting to approximately $2,600.00, the partners agreeing to share equally in the profits and losses in the operation of the farm and all of the coal thereunder, and in all future business transacted by them or by either of them. It is alleged that the partners worked the farm and operated the coal thereunder and that the proceeds of both operations went into the partnership; that at a time not specifically named, but subsequent to the formation of the partnership, plaintiff negotiated a sale of a large tract of coal underlying the farm for which the sum of $50,000.00 was agreed to be paid, $45,000.00 of such sum actually being received under the partnership agreement; that the proceeds of the sale of the said coal land were not divided between the partners, but were invested by the defendant, H. James Harner, in government bonds which are more particularly described in the bill. The bill of complaint further alleges that the defendant, William French Hunt, special receiver, has in his possession $35,000.00 in the government bonds that represent the proceeds from the sale of the co-partnership coal land, and in addition thereto government bonds in the amount of $6,000.00, stock in the Monongahela Building & Loan Association in the amount of $2,600.00, government postal savings stamps in the amount of $1,800.00, cash in the amount of approximately $2,500.00 and divers other properties and securities, all the property of the co-partnership. The bill alleges that the total partnership assets amount to approximately $70,000.00, of

which sum, after crediting $4,000.00 of government bonds received from the co-partnership by the plaintiff, the plaintiff is entitled on an accounting to receive $31,000.00.

The defendant, H. James Harner, filed his demurrer to the plaintiff's original and amended bills of complaint, raising the following questions:

"(1) The order or mandate entered by the Supreme Court of Appeals of West Virginia, on the 23rd day of October, 1934, in the chancery cause of H. James Harner vs. Guy F. Harner, and L. D. Griffin, Assistant Receiver, etc., constitutes and is an adjudication of all matters alleged in the bill of complaint herein, and all said matters are now *res adjudicata.*

(2) The contention of plaintiff, as alleged in said bill of complaint, is inconsistent with the position taken, and the defense made by him, in said former suit, as to all which the court will take judicial notice of its own records, as well as in the said Supreme Court of Appeals.

(3) The delay of plaintiff in making any demand for a partnership accounting or settlement, for a period of more than eighteen years after the alleged partnership was entered into, and now pressing such claim against a man more than eighty years of age, constitutes such laches as in law amounts to a complete estoppel, barring plaintiff from further pressing same.

(4) The bonds in question were, according to the allegations of bill all, or practically all, purchased with money received by this defendant H. James Harner from the sale of coal then, and for many years previous thereto, owned individually by him, in which the plaintiff had no interest and could, under the statute of frauds, have acquired an interest, only by a duly executed conveyance or deed; any attempt to create, by verbal agreement, a partnership in real estate, owned individually by one of the parties at time an alleged partnership is entered into, is in violation of said statute, and void and unenforcible.

(5) All matters alleged in an attempt to show a partnership between plaintiff and defendant H.

James Harner amount, at the most, to nothing more than a family arrangement which, under all the facts and circumstances alleged and set forth, will not be construed as constituting a partnership; all allegations as to mining and selling coal in the name of H. James Harner & Son, being pursuant to such family arrangement and not to any general partnership between the parties.

(6) The allegations attempting to show a general partnership between the plaintiff and defendant, are so vague and indifferent, and lacking in sufficiency as to details, namely, the manner in which business was to be conducted, the time over which partnership should extend, method of settlements, manner in which losses should be borne and profits divided, compensation to partners or either of them by way of payment for time devoted to business, and otherwise, as to be deemed insufficient in law as a basis for equitable relief.

(7) There are no allegations of the insolvency of defendant, or any attempt or purpose on his part to divest himself of his property, sufficient to support motions for either the appointment of a receiver, or the awarding of an injunction; on the other hand, the allegations of the bill, as to property owned by defendant, negative inference that any grounds exist for such relief.''

By his supplemental demurrer, subsequently filed, the defendant made the following points:

''(1) In paragraph three of said original and amended bills of complaint, plaintiff alleges 'that defendant would make plaintiff an equal partner with him in all of the business and business transactions of the said defendant hereafter conducted,' without stating, in any manner or form, the nature or kind of business to be, or intended to be conducted pursuant thereto, is so vague and indefinite that it does not furnish the defendant with any notice of what he is called upon to defend.

(2) In paragraph four of said original and amended bills of complaint, plaintiff alleges that 'the said defendant agreed to contribute the real estate then owned by him' to said partnership, which said

contribution, if made as alleged, could only have been legally made by the defendant, by deed or other writing, as required by the statute of frauds.

. (3) The same facts alleged in paragraph four of said bills of complaint, are again alleged in substantially the same form, namely, that a partnership was created and thereafter existed as to the coal underlying the land owned by H. James Harner, previous to the formation of alleged partnership, and the operating of same, and the right of plaintiff to participate in the profits arising therefrom, in paragraphs five, six, seven, eight, nine, ten, eleven, and twelve thereof.''

Upon the questions thus raised, the trial chancellor ruled that plaintiff had alleged a sufficient cause of action for a partnership accounting upon, first, the operation of defendant's farm, including only the general agricultural produce raised or derived therefrom, and second, the operation of the coal mine or mines on defendant's farm, including only the proceeds derived therefrom, and further, that the bill of complaint failed to allege a right to an accounting for ''the proceeds derived from the sale of any coal in bulk or acreage in or thereunder,'' and accordingly, overruled the original demurrer and sustained the supplemental demurrer in part and overruled it in part, certifying his holdings to this Court.

As to the first point made by the original demurrer to the plaintiff's bill of complaint, namely, that of *res adjudicata* based upon the mandate of this Court entered on the 23rd day of October, 1934, in the chancery cause of *H. James Harner* v. *Guy F. Harner et al.,* (115 W. Va. 457, 177 S. E. 286), the general rule undoubtedly is that matters by way of *res adjudicata* are not to be reached by demurrer, but are the proper subject matter of a special plea. *Hudson* v. *Iguano Land & Mining Co.,* 71 W. Va. 402, 407, 76 S. E. 797; *Campe* v. *Board of Education,* 95 W. Va. 536, 538, 121 S. E. 735; *Motor Car Company* v. *Solof,* 97 W. Va. 196, 200, 124 S. E. 824; 15 R. C. L. 1045. To this general rule, an exception exists in those cases where the matter of *res adjudicata* appears upon the face of the declaration or bill of complaint demurred to. Where it does so appear, the question may, of course, be

reached by demurrer, but where it does not so appear, the matter must be brought into the record by special plea. The defendant below urges that demurrer will reach any question of which the court would take judicial notice, and insists that the Circuit Court of Monongalia County and this Court will both notice the pleadings, record and proof in the prior suit between the same parties involving the same subject matter. To sustain this contention, they cite our recent case of *Atlantic Bitulithic Company* v. *Town of Edgewood*, 114 W. Va. 243, 171 S. E. 754. The dissimilarity between the pleadings in the case referred to and the pleadings in the case before us is quite apparent. To illustrate this it is necessary to give the history of the litigation in which Atlantic Bitulithic Company was plaintiff and the Town of Edgewood was defendant, involving the same or very closely related matters. In the first place, the Atlantic Bitulithic Company sued the Town of Edgewood, praying for an injunction against the interference of that town and its officers with the performance of the plaintiff under a paving contract. The circuit court granted the injunction, and upon appeal to this Court, the decree was modified so that the paving company was permitted to perform the contract to the extent of the bonds authorized, plus other available funds, and its contract was held void in so far as its performance required expenditure of funds in excess of those available. *Atlantic Bitulithic Company* v. *Town of Edgewood*, 76 W. Va. 630, 87 S. E. 183. Thereafter, the Bitulithic Company brought its action in assumpsit against the Town of Edgewood and in a special count alleged that the defendant had wrongfully obstructed the performance of its contract until enjoined by it from so doing, setting up the proceedings in the chancery cause, which were fully proven at the trial, and seeking damages for the difference between the cost of construction at the time that it would have performed its contract, and the cost of construction when it was finally permitted to do so. From a judgment in favor of the plaintiff, a writ of error was prosecuted to this Court, and the case was reversed, the verdict set aside and a new trial awarded. *Atlantic Bitulithic Company* v. *Town of Edgewood*, 103 W. Va. 137, 137 S. E. 223. After that case was

remanded, the plaintiff filed in that action its second amended declaration, demurrer to which the trial court overruled, certifying the questions involved to this Court. This is the case reported *Atlantic Bitulithic Company* v. *Town of Edgewood,* 114 W. Va. 243, 171 S. E. 754. In the opinion of the Court in the case last named, the two former proceedings are both referred to and the opinions of this Court therein are cited. It will be seen from a perusal of the three opinions that because of the fact that the chancery cause was impleaded, and its proceedings were proven, in the action in assumpsit, and the further fact that the second writ of error in the action in assumpsit involved the sufficiency of the plaintiff's second amended declaration in that action, that the action in assumpsit was coupled with the chancery suit by the averments in the special count in the first declaration filed, in such way that, upon demurrer to the first declaration filed in the action in assumpsit, the proceedings in the chancery cause would be reached, and furthermore, that the matter of the second amended declaration in the action in assumpsit when before the Court on the second writ of error necessarily permitted the Court, upon demurrer, to take cognizance of the pleadings theretofore filed in the same action. A demurrer searches the record. *Hoke* v. *Hoke,* 3 W. Va. 561; *Jarrett* v. *Nickel,* 4 W. Va. 276 (apparently one of our few non-binding reported cases. Constitution, Art. VIII, sec. 4); Burks, Pl. and Prac. (common law), sec. 206, p. 251. On the other hand, there is nothing in the bill of complaint in this case that refers to the former case between the same parties in such manner as to bring it into the record now before us so that it could be considered upon demurrer. Its consideration upon special plea is an entirely different question, of course. We conclude, therefore, that in the case now before us, the question of *res adjudicata* is not reached upon demurrer, and that the ruling of the trial chancellor on this point must be affirmed.

The second point certified relates to the alleged prior inconsistent position taken by the plaintiff in the former suit, and is governed, in our opinion, by the same principles under which the first point certified has been decided.

With reference to the third point certified, namely, the question of laches, we are of the opinion that, not considering what may be proved at the trial, the facts disclosed upon the face of the bill of complaint do not show such laches as require the trial chancellor to sustain a demurrer based upon that ground. There seems to be no showing that the partnership affairs alleged to have existed between the plaintiff and the defendant ever reached such an open state of disagreement between them as to require either partner to sue for an accounting or to take a definite position for the protection of his interests. If the bill does not show that there was a previous occasion upon which the plaintiff should have demanded an accounting, then there is nothing upon which a charge of laches may be based, regardless of how long the partnership has continued. *Park* v. *Adams*, 114 W. Va. 730, 734, 173 S. E. 785, 787, and authorities there cited.

The fourth point in the original demurrer is phrased so that it involves a question of fact, and not a question of law, and consequently was rightly overruled.

The questions involved in the fifth, sixth and seventh points of the original demurrer are not stressed upon this argument, and, failing to see any reason for reversing the trial chancellor with respect to any of them, the circuit court is consequently affirmed with respect to these points.

Passing to the points raised by the supplemental demurrer, and commenting upon the first, it is sufficient to say respecting this point that it is adequately disposed of by the discussion of the original demurrer.

We are of the opinion that the ruling of the trial chancellor upon the second point of the supplemental demurrer must be sustained. The bill upon its face alleges that by oral agreement, the defendant, H. James Harner, undertook to contribute the real estate at that time owned by him to the partnership. Even before the enactment of Code, 36-1-6, land could not be made the subject of a partnership nor a part of the assets of a partnership without a deed or other writing which would satisfy the statute of frauds in those cases in which the land was owned by one of the partners at the time of the formation of the partnership. On the other

hand, it could be shown by oral proof that land acquired by one of the partners after the formation of the partnership was in reality partnership assets. *Floyd* v. *Duffy,* 68 W. Va. 339, 69 S. E. 993, 33 L. R. A. (N. S.) 888; *Burgwyn* v. *Jones,* 113 Va. 511, 75 S. E. 188, 41 L. R. A. (N. S.) 120, Ann. Cas. 1913E, 564. Since the bill of complaint here shows that the title to the land was vested in H. James Harner before the formation of the partnership, we are of the opinion that the agreement of partnership, shown by the bill of complaint to have been oral, would not apply to it or to the proceeds of its sale.

The questions certified are answered in conformity with this opinion.

*Affirmed.*