0361

LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v. EM-PLOYERS INSURANCE OF WAUSAU, Sadie Shropshire and Dace W. Jones, Jr., Defendants, of whom Andrew Shropshire, Administrator, of the Estate of Sadie Shropshire, Appellant. Appeal of Andrew SHROPSHIRE.

(325 S. E. (2d) 566)

Court of Appeals

*H. Jackson Gregory*, of *Gregory & Gregory*, Columbia, *for appellant.*

*Forrest C. Wilkerson*, of *Roddey, Carpenter & White, P.A.*, Rock Hill, *for respondent.*

Heard Nov. 19, 1984.

Decided Jan. 8, 1985.

GOOLSBY, Judge:

The appellant Andrew Shropshire, as Administrator for the Estate of Sadie Shropshire, counterclaimed in an action brought by the respondent Liberty Mutual Insurance Company. The counterclaim alleges that Liberty Mutual fradulently prevented the intestate from prevailing on a workers' compensation claim by asserting a sham defense. The trial court sustained Liberty Mutual's demurrer to the counterclaim on the ground that the intestate was precluded by a former judgment from relitigating the issue of whether the defense constituted a sham defense. We affirm.

According to the counterclaim, the intestate[1] sustained a nonfatal accidental injury on August 12, 1973, while employed by Elliott White Springs Hospital. Effective August 1, 1974, the General Assembly amended the statute of limitations to extend to two years the period of time within which

---

[1] The intestate died on December 16, 1981, several months after this action was begun.

to file a workers' compensation claim with the South Carolina Industrial Commission after an accident not resulting in death. *See* 1974 S. C. Acts 2265. On February 25, 1975, approximately 18 months after the date of the accident, the intestate filed a Form 50 claim with the commission. In response, Liberty Mutual, the hospital's workers' compensation insurance carrier, filed a Form 51 which it later amended to assert the one-year statute of limitations in effect at the time of the intestate's accident. *See* S. C. Code of Laws Section 72-303 (1962).

The counterclaim further alleges that at a Commission hearing conducted on June 24, 1975, the intestate, represented by counsel, litigated the issue of whether her claim was barred. The Commission held the one-year statute of limitations applied to the intestate's claim and therefore denied it. The circuit court thereafter upheld the Commission's decision. We gather that the intestate attempted no appeal from the circuit court's order since she alleges she never received any workers' compensation benefits.

The counterclaim concludes with allegations that the assertion by Liberty Mutual of the one-year statute of limitations as a defense to her claim for workers' compensation was neither in truth, law, nor fact a defense but a sham defense and that by reason of the assertion of the defense Liberty Mutual defrauded and damaged her in the amount of $1,000,000.

Liberty Mutual demurred to the counterclaim alleging that the doctrine of *res judicata*[2] barred relitigation of the issue raised in the counterclaim concerning the application of the one-year statute of limitations to the intestate's workers' compensation claim. The circuit court agreed and sustained the demurrer because the question of which statute of limitations applied, whether the one-year or two-year statute, was raised in the prior proceedings when the issue arose as to whether the intestate's claim was barred by the one-year statute.

---

[2] We do not think it unfair to treat the question presented here as one involving issue preclusion. In her exceptions, the intestate several times speaks either of the adjudication of an "issue" in a former suit or of the doctrine of "collateral estoppel."

As a general rule, the defense of preclusion by a former judgment is an affirmative defense and must be raised by answer or reply. *See Clifton v. Darlington Finance Co.*, 231 S. C. 672, 100 S. E. (2d) 404 (1957). Where, however, the facts of the prior adjudication appear on the face of the complaint or counterclaim, the defense can be raised by demurrer. *Harner v. Harner*, 116 W. Va. 530, 182 S. E. 291, 101 A.L.R. 1320 (1935); *see Lindler v. Baker*, 280 S. C. 130, 311 S. E. (2d) 99 (S. C. App. 1984).

In *Beall v. Doe*, 281 S. C. 363, 315 S. E. (2d) 186, n. 1 at 189-90 (1984) this court distinguished the doctrine of *res judicata* and collateral estoppel. We said:

The doctrine of *res judicata* and collateral estoppel are ... two different concepts. A final judgment on the merits in a prior action will conclude the parties and their privies under the doctrine of *res judicata* in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action. Under the doctrine of collateral estoppel, on the other hand, the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues "actually and necessarily litigated and determined in the first suit." Stewart, *Res Judicata and Collateral Estoppel in South Carolina*, 28 S.C.L. Rev. 451, 452 (1977). *See also Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975); *Hart v. Bates*, 17 S. C. 35 (1882).

Expressed differently, *"res judicata"* bars relitigation of the same cause of action while "collateral estoppel" bars relitigation of the same facts or issues necessarily determined in the former proceeding. *Carr v. U. S.*, 507 F. (2d) 191 (5th Cir. 1975); *Mastracchio v. Ricci*, 498 F. (2d) 1257 (1st Cir. 1974).

Because the instant action is not based on the same claim as the first, the doctrine of *res judicata* does not bar the intestate from relitigating the issue of whether Liberty Mutual submitted a sham defense in the workers' compensation proceeding. But the doctrine of collateral estoppel precludes relitigation of the issue since the allegations of the counterclaim clearly manifest that the issue was actually and necessarily litigated and decided in the workers' compensation proceeding when the circuit

court, from whose order there was no appeal, finally determined that the one-year statute of limitations, and not the two-year statute, applied to the intestate's claim. *Lowe v. Clayton, supra; see Beall v. Doe, supra.*

To litigate in the instant action the issue concerning whether Liberty Mutual asserted a sham defense, an issue on which the intestate's claim of fraud depends, would necessarily require relitigation of the issue concerning whether the one-year or the two-year statute of limitations was applicable to the intestate's workers' compensation claim. Because the one-year statute was determined in a prior proceeding to apply to the intestate's workers' compensation claim, she is now estopped from argument that it did not apply and was therefore a sham. Since the intestate is foreclosed from claiming the defense was not true, she could not possibly prove Liberty Mutual defrauded her in asserting the defense.

The circuit court, therefore, properly sustained the demurrer. Accordingly, the order appealed from is

Affirmed.

SHAW and CURETON, JJ., concur.